(171 P.3d 671)
No. 97,286

TOBIAS WILKERSON, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed December 7, 2007.

*Monique K. Centeno, Lawrence W. Williamson, Jr.*, and *Sean Shores*, of Shores, Williamson & Ohaebosim, LLC, of Wichita, for appellant.

*Kristi L. Barton*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Paul J. Morrison*, attorney general, for appellee.

Before RULON, C.J., GREENE, J., and BRAZIL, S.J.

GREENE, J.: Tobias W. Wilkerson appeals the district court's summary denial of his motion under K.S.A. 60-1507, arguing the court erred in finding the motion untimely and that his motion entitles him to an evidentiary hearing in order to prevent manifest injustice. Concluding the motion was indeed untimely and declining to address the issue of manifest injustice because it was not asserted or considered in the district court, we affirm.

Wilkerson pled guilty to aggravated robbery and aggravated battery in exchange for the State's recommendation of concurrent sentences at the low number in the grid box for both counts, subject to successful completion of Labette Correctional Conservation Camp (Labette). In November 2003, after completion of Labette, he was sentenced to 60 months' probation with an underlying

prison term of 78 months. In June 2004, Wilkerson's probation was revoked, but his probation was reinstated after serving 60 days in jail. His probation was again revoked in September 2004, and this time he was ordered to serve the underlying sentence. He filed an appeal from this probation revocation, and during the pendency of that appeal, he filed a motion to correct an illegal sentence. The district court dismissed that motion for lack of jurisdiction due to the pending appeal, and this court ultimately affirmed the probation revocation. *State v. Wilkerson*, No. 93,314, unpublished opinion filed October 21, 2005.

On November 7, 2005, Wilkerson filed his pro se motion pursuant to K.S.A. 60-1507, arguing ineffective assistance of counsel in connection with his original plea agreement and sentence. Notably, the motion was limited to challenges related to his original plea and sentence rather than his probation revocation, and the motion did not allege a need for the district court to consider his motion in order to prevent manifest injustice. The district court summarily denied the motion, concluding it was time barred.

Wilkerson initially argues the district court erred in finding his motion untimely. He argues that his motion was timely because it was filed within 1 year of this court's opinion in his appeal of the second probation revocation. That appeal was terminated by decision on October 21, 2005, and his 60-1507 motion was filed less than 3 weeks later on November 7, 2005. Because there is no factual dispute surrounding the content of the motion or the material dates to determine timeliness, this issue frames a pure issue of law involving the interpretation and application of K.S.A. 60-1507(f), and we exercise unlimited review. See *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006).

The operative statute provides that in the absence of a showing of manifest injustice, motions under K.S.A. 60-1507 must be filed within 1 year of:

"(i) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (ii) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition." K.S.A. 60-1507(f).

Here, Wilkerson did not pursue a direct appeal of his conviction or his sentence, thus any opportunity for appellate jurisdiction *to review his plea, his resulting conviction, or his sentence* on direct appeal expired when he failed to file a notice of appeal within 10 days of the sentencing, or in mid-November 2003. His motion filed 2 years later is time barred as to matters surrounding the plea, conviction, or sentence.

Apparently, Wilkerson urges us to consider his motion within 1 year of his "direct appeal" of the probation revocation as timely under 60-1507(f) without regard to its content. This we cannot do. The appeal of a probation revocation may properly be considered a "direct appeal" thereof, but it may not raise issues related to the original conviction or sentence. See *State v. Carr*, 274 Kan. 442, 451, 53 P.3d 843 (2002) (distinguishing between judgment of sentence and judgment of probation revocation); see also *State v. Tripp*, 237 Kan. 244, Syl. ¶ 3, 699 P.2d 33 (1985) (appeal of probation revocation may not challenge original sentence). Wilkerson's motion was *not* time barred to the extent he wished to assert a proper challenge to aspects of the probation revocation, including ineffective assistance of counsel at that proceeding. The problem with his motion is that it does not challenge any aspect of the probation revocation, but rather attempts to challenge aspects of his plea and his sentence when no motion to set aside his plea was filed and no direct appeal was taken from any aspect of these initial proceedings.

With regard to Wilkerson's attempts to argue manifest injustice for the first time on appeal, we decline to reach the issue. We hold that manifest injustice sufficient to extend the time limitations of K.S.A. 60-1507(f) is generally fact sensitive in part and must be raised in the motion itself or at least presented to the district court or it will not be considered on appeal. Here, Wilkerson failed to preserve the issue of manifest injustice under K.S.A. 60-1507(f)(2), and we decline to consider it for the first time here. Issues not raised before the trial court cannot be raised on appeal. *State v. Shopteese*, 283 Kan. 331, 339, 153 P.3d 1208 (2007).

Affirmed.