No. 109,379

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA M. WALKER,
*Appellant*.

SYLLABUS BY THE COURT

1.

After conviction, except as otherwise provided, an appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from any judgment against the defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed. K.S.A. 2013 Supp. 22-3602(a).

2.

A notice of appeal shall specify the parties taking the appeal, shall designate the judgment or part thereof appealed from, and shall name the appellate court to which the appeal is taken.

3.

An appellate court obtains jurisdiction over the rulings identified in the notice of appeal.

1

4.

Once the appellant's docketing statement is filed with the clerk of the appellate courts, a district court loses jurisdiction over the case and an amended notice of appeal filed in the district court after the appeal is docketed is a legal nullity.

5.

In a Jessica's Law case, under K.S.A. 21-4643(d) a district court is not required to state its reasons for denying a departure sentence because the statute only requires the district court to state on the record the substantial and compelling mitigating factors for a departure.

6.

This court reviews the denial of a departure sentence in a Jessica's Law case for an abuse of discretion.

Appeal from Douglas District Court; MICHAEL J. MALONE, judge. Opinion filed September 19, 2014. Affirmed in part and dismissed in part.

*Korey A. Kaul* and *Rachel Pickering*, of Kansas Appellate Defender Office, for appellant.

*Amy A. McGowan* and *Crystalyn M. Oswald*, assistant district attorneys, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., HILL and ARNOLD-BURGER, JJ.

HILL, J.: A jury found Joshua M. Walker guilty of rape and two counts of sodomy of his 5-year-old daughter. He raises four trial errors and one sentencing issue. We must first decide whether the notice of appeal in this case limits our jurisdiction to the extent that we cannot review the trial errors claimed by Walker. The notice simply states:

"Notice is hereby given that the above named defendant appeals from the sentencing before this Honorable Court in the above captioned case to the State of Kansas Court of Appeals." After reviewing the statutes and applicable cases, we conclude that we can only review the issue concerning Walker's presumptive sentences.

What may be appealed in a criminal case is set by the Kansas Code of Criminal Procedure. As stated by the legislature, the public policy of Kansas is that a defendant has a right to appeal any judgment rendered against that defendant:

> "Except as otherwise provided, an appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from any judgment against the defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed." K.S.A. 2013 Supp. 22-3602(a).

Generally, any ruling, decision, order, or judgment can be the subject of an appeal in any conviction. See K.S.A. 2013 Supp. 22-3601; K.S.A. 2013 Supp. 22-3602. But there is no mention in the criminal code of how to raise an appeal.

How such an appeal is brought is governed by the Kansas Code of Civil Procedure and Supreme Court Rules and it begins with the notice of appeal. K.S.A. 2013 Supp. 60-2103(b) provides: "*Notice of Appeal.* The notice of appeal shall specify the parties taking the appeal; shall designate the judgment or part thereof appealed from, and shall name the appellate court to which the appeal is taken." This statute explains how to appeal and exercise the right to appeal granted in K.S.A. 2013 Supp. 22-3602. See also Supreme Court Rules 2.02 (2013 Kan. Ct. R. Annot. 11) (notice of appeal); 2.04 (2013 Kan. Ct. R. Annot. 13) (docketing an appeal); 2.041 (2013 Kan. Ct. R. Annot. 16) (docketing statement).

This two-code (criminal-civil) approach is not new. The history is found in *State v. Boyd*, 268 Kan. 600, 604, 999 P.2d 265 (2000). The *Boyd* court explained how such appeals were handled before the second coming of the Kansas Court of Appeals:

> "Prior to the codification of the rules of appellate procedure in 1963, the General Statutes of Kansas required parties wishing to appeal to the Supreme Court to file a notice of appeal and an abstract. The notice of appeal statute required that 'the party filing the same appeals from the judgment, order or decision complained of to the supreme court, and if the appeal is taken from only a part of the judgment, or from a particular order or decision, then by stating from what part of the judgment, or from what particular order or decision the appeal is taken.' [Citation omitted.]

> "The appellate statutes also required that appellants file an abstract which would 'include a specification of the errors complained of, separately set forth and numbered.' [Citation omitted.]" 268 Kan. at 602-03.

The Supreme Court, in those days, vigorously enforced the requirement that an appellant specify all of the rulings appealed from in his or her notice of appeal.

Then, with the revision of the law in 1963, the *Boyd* court noted the simplified process and the public policy goal of affording *one appeal* to every defendant:

> "It is clear that by the legislative changes in 1963, the legislature intended it to be easier to take an appeal to an appellate court in Kansas. The process was simplified, with the goal being to afford every criminal defendant at least one appeal. K.S.A. 1999 Supp. 60-2103 was originally drafted, and remains virtually the same today, to only require an appellant to 'designate the judgment or part thereof appealed from.' *There is no statute or court rule which expressly requires an appellant to set forth all of the errors that will be contested on appeal in the notice of appeal.* When the legislature repealed G.S. 1949, 60-3306, and 60-3826 and enacted K.S.A. 60-2103, it was a signal that it is no longer necessary to specify each and every issue to be contested on appeal in the notice of appeal." (Emphasis added.) 268 Kan. at 604.

4

In *Boyd*, the notice of appeal simply stated that Boyd was appealing his conviction. The court held that notice was sufficient to give the Court of Appeals jurisdiction to consider the defendant's substantive trial errors. The court explained what a limited role the notice of appeal plays in this process:

> "The notice of appeal should not be overly technical or detailed. The notice of appeal is not a device to alert the parties *to all possible arguments on appeal*. That is the purpose and function of the docketing statements and briefs filed by the parties. The briefs should list all of the issues to be argued by the parties and should contain the arguments and authorities for each issue. [Citation omitted.] The State does not generally take any significant action when receiving a notice of appeal. The fact that a notice may generally state that the defendant is appealing his 'conviction' does not harm or even affect the State in any appreciable way. The State determines the issues to be argued by reading the docketing statement and brief filed by the appellant and is given an opportunity to respond by filing its own brief. Whether a party has detailed its arguments in the notice of appeal does not affect the State's practice or its appellate strategy." 268 Kan. at 606.

Then, in *State v. Wilkins*, 269 Kan. 256, 270, 7 P.3d 252 (2000), the court ruled that errors in the notice could be overlooked at times:

> "Wilkins' notice of appeal stated that he was appealing from the 'judgment of sentence.' The State contends the language in the notice limits Wilkins to raising issues regarding his sentencing only. Wilkins asserts that the notice of appeal should have read 'judgment *and* sentence' and that the use of the word '*of*' was a typographical error. Wilkins further states that 'it is clear from an overall review of this entire Appellate File that it was always the Defendant/appellant's intention to challenge the judgment rather than his sentence.' In fact, *the sentence itself was not appealable in this case*." (Emphasis added.)

The court went on to say this is really just a notice of intent to take an appeal and such criminal appeals should be just, speedy, and inexpensively determined:

"Given that the notice of appeal 'should not be overly technical or detailed'; that the 'State does not generally take any significant action when receiving a notice of appeal'; that the typographical error in this case 'does not harm or even affect the State in any appreciable way'; that the State has not shown surprise or prejudice; that this court is to construe K.S.A. 60-2103(b) liberally to assure justice in every proceeding; and that actions should be just, speedy, and inexpensively determined, we hold that the 'judgment of sentence' language found in Wilkins' notice of appeal sufficiently conferred jurisdiction on the Court of Appeals to determine the substantive issues raised in the robbery case." 269 Kan. at 270.

Then, in *State v. Coman*, 294 Kan. 84, 90, 273 P.3d 701 (2012), the court ruled there is a jurisdictional aspect to the notice of appeal:

"'It is a fundamental proposition of Kansas appellate procedure that an appellate court obtains jurisdiction over the rulings identified in the notice of appeal.' [Citations omitted.]"

But *Coman* went on to state that the words of the notice of appeal will not be stretched beyond their normal meanings:

"Although our appellate courts have, at times, liberally construed a notice of appeal to retain jurisdiction, one simply cannot construe a notice that appellant is appealing his or her sentence to mean that he or she is appealing the conviction." 294 Kan. at 90.

Then, recently in *State v. Laurel*, 299 Kan. 668, 673-74, 325 P.3d 1154 (2014), the Supreme Court stated there is a substantive minimum for a notice of appeal:

"K.S.A. 2011 Supp. 60-2103(b) provides that '[t]he notice of appeal shall specify the parties taking the appeal; shall designate the judgment or part thereof appealed from, and shall name the appellate court to which the appeal is taken.' We liberally construe K.S.A. 60-2103(b) '"to assure justice in every proceeding,"' [citations omitted]; but there

6

is still a substantive minimum below which a notice cannot fall and still support jurisdiction. See, *e.g.*, *State v. Coman*, 294 Kan. 84, 90, 273 P.3d 701 (2012) . . . [citations omitted]."

In other words, an appellate court will not rewrite a notice of appeal for the defendant. That brings us back to the notice of appeal filed here. We note that Walker vainly attempted to file an amended notice of appeal in the district court where he was convicted. This filing was a nullity since the docketing statement had already been filed in this court and thus the district court lost jurisdiction over this case. See *State v. Dedman*, 230 Kan. 793, Syl. ¶ 2, 640 P.2d 1266 (1982). No motion to remand to the district court for the purpose of filing an amended notice of appeal was filed in this court—the only court with jurisdiction to hear the matter.

Considering Walker's notice of appeal, there is no hint of any subject in his notice other than his sentence. Following the rulings in *Coman* and *Laurel*, we will confine our review to the issue of Walker's sentence.

Walker sought a downward departure from a hard-25 sentence for each conviction to 155 months' imprisonment. He asserted seven factors that favored a reduced sentence:

(1) He only had a criminal history score of I, meaning he had no prior convictions;
(2) though maintaining his innocence, he has strong remorse for his actions as a parent;
(3) his age of 27 years;
(4) his alleged lack of pedophilic tendencies, as reflected in a psychosexual evaluation conducted "before he was found guilty";
(5) his willingness to participate in the sexual offender treatment plan the psychosexual evaluation report recommended "if he were to be found guilty";

7

(6) his ability to work and contribute financially for his two young children, one being the victim; and

(7) his two children would be young adults when he was released and "no longer under his ability to nurture or control."

The record also indicates Walker testified at sentencing regarding his remorse "for not being a good father." In this Jessica's Law case, the district court denied the motion and found that the arguments fell "far short" of being substantial and compelling. Under K.S.A. 21-4643(d), a district court is not required to state its reasons for denying a departure because the statute only requires the district court state on the record the substantial and compelling mitigating factors for a departure. *State v. Florentin*, 297 Kan. 594, 601-02, 303 P.3d 263 (2013). We review the ruling of the sentencing court for an abuse of discretion. *State v. Floyd*, 296 Kan. 685, 687, 294 P.3d 318 (2013).

Walker raped his 5-year-old daughter and sodomized her twice. The record reflects that the district court considered Walker's departure motion and his asserted mitigating factors. The court found his seven mitigating factors were not substantial. Given the nature of Walker's crimes we cannot say that no reasonable person would agree with the district court's decision to impose the presumptive sentences. Walker has not met his burden to show on appeal that the district court abused its discretion by denying his departure motion.

Walker's sentences are affirmed. Walker's claims of trial errors are dismissed.

Affirmed in part and dismissed in part.

* * *

ATCHESON, J., concurring: Although I concur in Judge Hill's decision, I do so with respect to the scope of Defendant Joshua Walker's notice of appeal only because the Kansas Supreme Court's recent rulings in *State v. Laurel*, 299 Kan. 668, 673-74, 325 P.3d 1154 (2014), and *State v. Coman*, 294 Kan. 84, 90, 273 P.3d 701 (2012), dictate that result. But those decisions blend parts of the Kansas Code of Criminal Procedure governing appeals with parts of the Kansas Code of Civil Procedure in a way that negates statutory protections intended to keep criminal defendants from forfeiting appellate issues because of how they phrase their notices. I cannot reconcile the statutory language in the same way. Absent those decisions, I would be disposed to find that Walker ought to be allowed to proceed with the substantive issues he has raised on appeal challenging his trial and conviction rather than just his sentence. As to the sentencing argument we have reviewed on the merits, I agree Walker is entitled to no relief.

The notice-of-appeal issue is framed simply enough. Walker's notice stated he was appealing to the Court of Appeals from "the sentencing" in the district court. In *Coman*, the defendant also stated in the notice only that he appealed from the sentence. The court held he could not assert any issues bearing on the conviction itself: "[O]ne simply cannot construe a notice that appellant is appealing his or her sentence to mean that he or she is appealing the conviction." 294 Kan. at 90. The court cited K.S.A. 60-2103(b), a statute facially applying to civil appeals.[*]

[*]The court also quoted *State v. Huff*, 278 Kan. 214, Syl. ¶ 2, 92 P.3d 604 (2004), for the "'fundamental proposition'" that "'an appellate court obtains jurisdiction over the rulings identified in the notice of appeal.'" Nobody would dispute that a timely notice of appeal is jurisdictional and that appellate courts may review only issues raised in conformity with the governing statutes. The *Huff* decision, however, dealt with the efficacy of a State's appeal. The statutory provisions for appeals by the State in criminal cases are considerably more limiting and intricate than those for defendants, as *Laurel* points out. 299 Kan. at 675. As I discuss, the statute directly governing issues preserved in a criminal defendant's notice of appeal is quite expansive. So decisions construing State's appeals or civil appeals aren't especially apt here.

9

A survey of the applicable statutes stakes the metes and bounds. In K.S.A. 60-2101(a), the legislature generally distinguished between civil and criminal appeals to the Court of Appeals. The statute provides that appeals in criminal cases shall be subject to the provisions of K.S.A. 22-3601 and K.S.A. 22-3602, as amended, and civil actions shall be subject to K.S.A. 60-2102, as amended.

K.S.A. 2013 Supp. 22-3602(a) expressly governs appeals by criminal defendants and, in pertinent part, provides: "Except as otherwise provided, an appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from any judgment against the defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed." The statute also generally precludes defendants from appealing convictions from pleas of guilty or no contest—a limitation that is factually irrelevant here.

K.S.A. 22-3606 provides: "Except as otherwise provided by statute or rule of the supreme court, the statutes and rules governing procedure on appeals to an appellate court in civil cases shall apply to and govern appeals to an appellate court in criminal cases."

K.S.A. 2013 Supp. 60-2103(b), in pertinent part, provides: "The notice of appeal shall specify the parties taking the appeal; shall designate the judgment or part thereof appealed from, and shall name the appellate court to which the appeal is taken." To the extent K.S.A. 2013 Supp. 60-2103(b) supplements K.S.A. 2013 Supp. 22-3602(a), it does so simply to require that a notice of appeal identify the party appealing and the court to which the appeal is taken. It does not alter the language in K.S.A. 2013 Supp. 22-3602(a) requiring that a criminal defendant appeal from a judgment or the legal effect of doing so.

Applying the language in K.S.A. 2013 Supp. 22-3602(a), criminal defendants may appeal from "any judgment" against them. The appeal, however, automatically includes for review "any decision . . . or . . . order made in the progress of the case." The

10

subsidiary decisions and orders need not be identified in the notice. Basically, the statute is designed to protect against precisely what has happened in this case and what the court permitted in *Coman*. If a criminal defendant files a notice of appeal, he or she should not be divested of potential issues because the notice itself has been infelicitously phrased. So long as the notice identifies a judgment, every ruling in the case, at least up to the point of that judgment, is in play on appeal. A plain reading of the language really extends the appeal to every ruling or decision.

The result, of course, is not nearly as chaotic as it might seem at first. The notice simply provides the triggering mechanism for the appeal. A defendant must then fairly quickly make a nonbinding specification of issues in the docketing statement. And a defendant's opening brief necessarily cements the election of issues. The State then has ample time to respond in its own brief to the precise issues the defendant has asserted and may, if necessary, supplement the appellate record to do so. In short, a generic designation in or construction of a defendant's notice of appeal conforms to the statute and confers no tactical advantage. Or looked at from the other side of the proceedings, it imposes no prejudice on the State. The court recognized as much in *State v. Boyd*, 268 Kan. 600, 606-07, 999 P.2d 265 (2000), as Judge Hill points out.

In this case, the State doesn't suggest it was materially or even incidentally prejudiced in responding to the alleged trial errors Walker has briefed on appeal. The State has fully and ably answered them as an alternative ground for affirming the final judgment.

At its core, K.S.A. 2013 Supp. 22-3602(a) is supposed to prevent a criminal defendant from being stripped of potential appellate issues because of a deficiency in the wording of a timely filed notice of appeal, especially absent demonstrable prejudice to the State. But that purpose has been thwarted here and in *Coman* by applying K.S.A. 2013 Supp. 60-2103(b), a statute governing civil appeals. (All of the other subsections of

11

K.S.A. 2013 Supp. 60-2103 could apply only to civil litigation.) By its express terms, K.S.A. 2013 Supp. 60-2103(b) requires a litigant to specify in the notice of appeal the judgment "or part thereof" to be reviewed in the appellate court. The statute, then, plainly contemplates that a civil litigant may use the notice of appeal to designate the orders, rulings, and judgments to be reviewed. Given the complexity of some civil actions, that makes sense. There may be rulings on partial summary judgment eliminating claims or parties the appellant no longer particularly cares about. In a multiparty action, some of the parties may have settled following a jury verdict with posttrial motions awaiting ruling, further curtailing the scope of an appeal. There are all kinds of permutations that would cause a civil litigant to want to limit an appeal from the outset. That simply wouldn't be true of the vast majority of criminal defendants.

Not to dwell on the obvious, civil judgments typically assess money damages or impose injunctive or other equitable relief. Convicted criminal defendants typically face the loss of their liberty and of important civil rights, such as voting and holding elective office. Our judicial process has always placed an especially high premium on preventing the wrongful deprivation of a citizen's liberty. That is reflected in the stringent burden of proof imposed on the State to convict and the requirement for a unanimous jury verdict of guilt, among other procedural protections afforded criminal defendants—protections that do not carry over to civil litigation. The protective language in K.S.A. 2013 Supp. 22-3602(a) regulating appeals in criminal cases is another manifestation of that public policy.

So the bridge between the broad preservation of issues in criminal appeals set forth in K.S.A. 2013 Supp. 22-3602(a) and the allowance for limited notices of appeal in civil cases set forth in K.S.A. 2013 Supp. 60-2103(b) isn't readily apparent. Neither *Coman* nor *Laurel* maps it for us.

12

One possibility is K.S.A. 22-3606. It says statutes governing civil appeals apply in criminal cases "except as otherwise provided." But applying K.S.A. 2013 Supp. 60-2103(b) to allow notices of criminal appeals to specify parts of judgments contravenes both the language and the purpose of K.S.A. 2013 Supp. 22-3602(a): Criminal appeals aren't supposed to be formally and irrevocably limited to specific points or parts of judgments until the defendant files his or her opening brief. And construing K.S.A. 22-3606 as a legislative gateway for limited notices of appeal in criminal cases imputes to the legislature an exceptionally roundabout and obscure way of accomplishing something that could be done directly in K.S.A. 2013 Supp. 22-3602(a) by including language to that effect. For example, the legislature could have said "the appeal may be taken . . . as a matter of right from any judgment *or any part thereof* against the defendant in the district court." But the legislature didn't. The better reading of K.S.A. 22-3606 would recognize K.S.A. 2013 Supp. 22-3602(a) as the exception otherwise *precluding* application of that portion of K.S.A. 2013 Supp. 60-2103(b) authorizing appeals from parts of judgments in civil cases and, instead, incorporating only those prosaic requirements that a notice identify the appellant and the appellate court.

Moreover, if a criminal defendant's notice of appeal identifies a judgment, rather than part of a judgment, K.S.A. 2013 Supp. 22-3602(a) necessarily preserves all of the district court's decisions and orders for review. Nothing in K.S.A. 2013 Supp. 60-2103(b) changes that language or that result.

A second possible bridge is the introductory phrase "except as otherwise provided" in K.S.A. 2013 Supp. 22-3602(a) itself. But that language seems an equally unlikely source for the holding in *Coman* for the same reasons. Although the purpose of that phrase isn't wholly clear, it more naturally would refer to the procedures in K.S.A. 2013 Supp. 22-3602(e)  governing the transfer of appeals and appeals of right involving constitutional questions than it would to K.S.A. 2013 Supp. 60-2103(b).

If the statutes were applied as written, K.S.A. 2013 Supp. 22-3602(a) ought to control here, so an appeal from a judgment would preserve for review any and all district court determinations made in the case. Assuming the imposition of sentence amounts to a judgment, that would give sufficiently broad legal effect to Walker's notice of appeal to preserve the trial issues he has briefed. The statutes governing criminal proceedings aren't a model of clarity on the point, but they indicate sentencing is a judgment. Conviction upon a plea or verdict is considered a judgment. See K.S.A. 2013 Supp. 22-3426(a) (referring to "conviction or other judgment" in outlining the contents of the form of judgment or journal entry). But there is no final judgment until sentence has been pronounced. See K.S.A. 2013 Supp. 22-3501 (motion for new trial based on newly discovered evidence may be filed up to 2 years after "final judgment"). Sentencing is a necessary step between a judgment of conviction and a final judgment. As provided in K.S.A. 21-4609, "[w]hen a person is sentenced to imprisonment . . . , the judgment of the court shall order that such person be committed . . . to the custody of the secretary of corrections." That language seems to treat sentencing as a judgment. And the Kansas appellate courts at least occasionally refer to a "judgment of sentence." See, *e.g.*, *State v. Graham*, 272 Kan. 2, 3-4, 30 P.3d 310 (2001); *Wilkerson v. State*, 38 Kan. App. 2d 732, 734, 171 P.3d 671 (2007); *State v. Lucas*, No. 104,298, 2011 WL 781523, at *1 (Kan. App.) (unpublished opinion), *rev. denied* 292 Kan. 968 (2011); but see *State v. Wilkins*, 269 Kan. 256, 270, 7 P.3d 252 (2000) (court accepts defense counsel's representation that "judgment of sentence" in notice of appeal was typographical error and "judgment and sentence" was actually intended). Common legal usage treats the imposition of sentence as a judgment. See Black's Law Dictionary 1569 (10th ed. 2014) (defining "sentence" as "[t]he judgment that a court formally pronounces after finding a defendant guilty"); accord *United States v. Wyss*, 744 F.3d 1214, 1215 (10th Cir. 2014); *United States v. Colasuonno*, 697 F.3d 164, 172 n.3 (2d Cir. 2012).

At least before *Coman*, a notice of appeal identifying the sentencing would be sufficient to perfect an appeal of any district court decision or order in the case. The

14

general statutory language and the caselaw strongly suggest sentencing is, in fact, a judgment, so the plain language of K.S.A. 2013 Supp. 22-3602(a) would preserve those rulings for review. Even if sentencing weren't technically a judgment, the statutes and the caselaw, nonetheless, would support a finding that identifying sentencing alone in the notice ought to be given a liberal construction, thus satisfying K.S.A. 2013 Supp. 22-3602(a) in the absence of directly contrary authority. See *Wilkins*, 269 Kan. 256, Syl. ¶ 9. And if those arguments were found legally unavailing, a defendant could have sought a late appeal under the third *Ortiz* exception on the grounds that identifying only the sentencing, something less than a judgment, in the initial notice failed to perfect an appeal under K.S.A. 2013 Supp. 22-3602(a). See *State v. Patton*, 287 Kan. 200, Syl. ¶ 3, 195 Kan. P.3d 753 (2008) (late appeal permitted when criminal defendant:  (1) not informed of right to appeal; (2) not furnished lawyer to perfect appeal; or (3) provided lawyer who fails to perfect an appeal); *State v. Ortiz*, 230 Kan. 733, 735-36, 640 P.2d 1255 (1982). The filing of a defective notice of appeal would establish the requisite intent to appeal allowing relief under *Ortiz*. See *Patton*, 287 Kan. at 225. A lawyer's failure to file a legally effective notice of appeal evinces the same kind of ineffective representation as filing none at all, since both confound the client's stated desire to appeal.

But *Coman* forecloses those outcomes. And the notice of appeal in this case was filed 3 months after *Coman*.

In my view, the legislature intended that a criminal defendant timely filing a notice of appeal retain the flexibility to then assert as error any order or decision of the district court. And K.S.A. 2013 Supp. 22-3602(a) does just that. But *Coman* and *Laurel* negate the statutory purpose and language of K.S.A. 2013 Supp. 22-3602(a) by mistakenly relying on K.S.A. 2013 Supp. 60-2103(b) to limit the scope of criminal appeals. Walker should not be deprived of appellate review of his claimed trial errors.

15

In closing, I make a couple of additional observations. First, especially after *Coman*, lawyers filing notices of appeal for criminal defendants should use only sweepingly generic language. Thus, the notice might say appeal is taken from the judgment of conviction, the sentence, the final judgment, and each and every decision and order of the district court adhering in those determinations or otherwise made in the progress of the case. The breadth of that kind of language may be exceeded only by its opacity. But the law requires nothing more, and *Coman* demands nothing less.

After *Coman*, the failure to use broad language in a notice of appeal or actually referring only to sentencing or a judgment of sentence in all likelihood falls below the standard of representation required under the Sixth Amendment to the United States Constitution. If the mistake were to prevent review of an otherwise meritorious point on appeal, a defendant would have a basis to collaterally attack his or her conviction and final judgment.

Finally, I wade into the debate between my colleagues over the propriety of amended notices of appeal only to say that a criminal defendant undoubtedly could file a successive notice expanding the scope of the issues so long as it was done during the 14-day period to appeal following judgment. K.S.A. 2013 Supp. 22-3608(c) (defendant has "14 days after the judgment of the district court to appeal"). The filing of an initial notice does not extinguish the remainder of the 14 days. But Walker has presented no argument as to the efficacy of his amended notice (filed more than a year out of time) in response to the State's position that the original notice limited appellate review to the sentencing issue. For that reason, I venture no further in this case except to point out that a broadly worded notice filed in the first instance would have obviated the need for an amendment.

* * *

16

ARNOLD-BURGER, J., concurring:  I concur with the well-reasoned opinion of Judge Hill, but I write separately only to note my objection to any suggestion that this court would have granted a motion to remand this case to the district court for Walker to file an amended notice of appeal—out of time—to supplement the limited notice of appeal he did timely file. That issue was not before us, and I have serious reservations about the success of such a motion. Accordingly, I decline to support the statement, even though it is mere dicta.