NOT DESIGNATED FOR PUBLICATION

No. 114,091

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL UNREIN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed April 29, 2016. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).


Before ATCHESON, P.J., BRUNS, J., and WALKER, S.J.


*Per Curiam*:  Defendant Michael Unrein appeals the Sedgwick County District Court's decision to revoke his probation and impose a 32-month underlying prison sentence for a pair of drug offenses. Finding the court did not abuse its discretion in light of Unrein's criminal history and the unavailability of drug treatment options that would serve his overall welfare, we affirm that ruling.

In No. 13-CR-1013, Unrein pled guilty to one count of possession of methamphetamine, a severity level 4 drug felony, and one count of possession of marijuana, a class A misdemeanor offense. Unrein's anticipated criminal history score of C placed him in a presumptive prison box on the sentencing grid. According to the plea

1

agreement, the parties agreed to recommend a downward dispositional departure to probation. On January 7, 2014, the Sedgwick County District Court sentenced Unrein to 32 months in prison but granted his motion for downward dispositional departure. The court placed Unrein on probation for 18 months.

On March 25, 2014, Unrein's Intensive Supervision Officer issued a warrant for his arrest based on multiple alleged probation violations, including consuming alcohol and drugs and failing to report. Unrein stipulated to the violations, and the district court continued the dispositional portion of the hearing to see if Unrein qualified for drug court. The district court noted that Unrein would have to serve his underlying sentence if he were not accepted in drug court.

A month later, the district court reconvened to address disposition of the probation violations. Unrein was not accepted to drug court. But the district court continued the case for an updated Substance Abuse Center of Kansas (SACK) evaluation of Unrein. The SACK evaluation recommended Unrein receive inpatient drug treatment. The district court found there were no community services available that would be effective. The district court declined to reinstate Unrein on probation and ordered he serve his original underlying sentence. Unrein timely appealed that ruling.

This court granted Unrein's request for leave to proceed without briefing under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State filed a response generally agreeing that summary disposition of the appeal was appropriate.

If a defendant stipulates to a probation violation or a violation has been proved, the decision to revoke probation rests in the sound discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006). A court abuses its discretion if the action:

"(1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

Unrein acknowledges the district court made sufficient findings under K.S.A. 2015 Supp. 22-3716(c)(9) to dispense with any intermediate sanction and to impose the underlying term of incarceration. In turn, Unrein has failed to provide any compelling facts to demonstrate the district court abused its discretion in otherwise ordering him to prison. Unrein originally received the benefit of a downward dispositional departure but violated the terms of his probation less than 2 months after he was sentenced. Based on Unrein's rather prompt violation of the terms of his probation and the absence of community resources available to assist him, the district court did not abuse its discretion in revoking his probation and ordering him to serve his underlying sentence. This is particularly true in light of the nature of the crimes of conviction and the probation violations. All involve the abuse of illegal drugs and indicate Unrein has been unable to address those issues in a comparatively unstructured outpatient environment. The absence of inpatient treatment options led the district court to conclude Unrein's long-term welfare would best be advanced through incarceration. Other district courts would have come to a like conclusion under these circumstances.

Unrein also contends that the district court violated his due process rights by using his criminal history to calculate the appropriate prison term under the sentencing guidelines and relies on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). This issue is not properly before this court in an appeal from a probation revocation. The alleged violation occurred at Unrein's sentencing in January 2014. Unrein did not appeal the sentence then.

3

The right to appeal is entirely statutory and is not found in either the United States Constitution or the Kansas Constitution. Failure to perfect an appeal in the manner provided by statute deprives an appellate court of jurisdiction to consider the appeal. See *State v. Plummer*, 295 Kan. 156, 160-61, 283 P.3d 202 (2012); *State v. Gill*, 287 Kan. 289, 293-94, 196 P.3d 369 (2008). Under K.S.A. 2015 Supp. 22-3608(c), a criminal defendant must file a notice of appeal within 14 days after sentencing. Unrein's failure to appeal his sentence within that time deprives this court of jurisdiction to consider purported constitutional defects in the way the district court established his criminal history. See *State v. Carr*, 274 Kan. 442, 451, 53 P.3d 843 (2002) ("This court has repeatedly held that probation is separate and distinct from the sentence."); *Wilkerson v. State*, 38 Kan. App. 2d 732, 734, 171 P.3d 671 (2007) ("The appeal of a probation revocation may properly be considered a 'direct appeal' thereof, but it may not raise issues related to the original conviction or sentence."). We, therefore, dismiss that part of Unrein's appeal for lack of jurisdiction.

Affirmed in part and dismissed in part.

4