NOT DESIGNATED FOR PUBLICATION

No. 115,766

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARRY RAGSDALE, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Crawford District Court; LORI A. BOLTON FLEMING, judge. Opinion filed May 26, 2017. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Michael Gayoso, Jr.*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., MALONE and POWELL, JJ.

*Per Curiam*:  Larry Ragsdale, Jr., appeals the district court's denial of his latest motion challenging various aspects of his drug convictions and sentences. Ragsdale was convicted of possessing marijuana and drug paraphernalia after the State revoked his diversion agreement, but he never appealed. About 3 years later, Ragsdale filed a series of pro se motions challenging his sentences, all of which the district court denied. Ragsdale's last motion, which included claims of ineffective assistance of counsel, was treated by the district court as one filed under K.S.A. 60-1507. The court dismissed the motion without an evidentiary hearing on the grounds that it was untimely and failed to allege manifest injustice. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Ragsdale with felony possession of marijuana and misdemeanor possession of drug paraphernalia. Ragsdale entered into a diversion agreement with the State, in which both parties agreed that if Ragsdale followed the conditions enumerated in the agreement, the State would dismiss the charges. By signing the agreement, Ragsdale waived several rights, including his right to a jury trial, and agreed to a trial on the agreement's stipulated facts. The district court later revoked Ragsdale's diversion for his failure to comply with the agreement's conditions and reinstated the charges. At trial, the district court, based on the stipulated facts, found Ragsdale guilty. On July 18, 2012, Ragsdale was sentenced to 37 months in prison. Ragsdale never appealed his convictions or sentences.

In May 2015, Ragsdale, apparently confusing being on diversion with being on probation, filed a pro se motion to reinstate his probation, claiming he never violated the terms of his probation, that the district court had the discretion not to terminate his probation, and that he could successfully complete it. A few months later, in August, Ragsdale filed an identical copy of this motion and an additional pro se motion to modify sentence under House Bill 2170, claiming he should have received a 180-day prison sanction instead. After appointing counsel and holding a status conference, the district court summarily denied Ragsdale's motions.

On September 10, 2015, Ragsdale filed yet another pro se motion that was identical to his prior motions. Then on September 24, 2015, Ragsdale filed a motion to modify sentence under K.S.A. 2016 Supp. 22-3717, citing K.S.A. 60-1507. The district court again appointed counsel and held a status conference, at which counsel requested time to speak with Ragsdale. Following the status conference, Ragsdale, through appointed counsel, filed an amended motion. In the motion, Ragsdale claimed that diversion counsel was ineffective and but for diversion counsel's ineffective

2

representation, he would not have entered into the diversion agreement. The State filed a motion to dismiss in which it argued that Ragsdale's motion was untimely under K.S.A. 60-1507. The district court, treating Ragsdale's motion as one filed pursuant to K.S.A. 60-1507, dismissed it because the motion was untimely and did not allege manifest injustice.

Ragsdale timely appeals.

### DID THE DISTRICT COURT ERR IN DENYING RAGSDALE'S K.S.A. 60-1507 MOTION WITHOUT AN EVIDENTIARY HEARING?

Our Supreme Court has held that a district court has three options when considering a 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

The State argues that the status conference held here was tantamount to a preliminary hearing. Ragsdale argues that the district court summarily denied his motion. Either way, our review is de novo. See *Makthepharak v. State*, 298 Kan. 573, 577, 314 P.3d 876 (2013) (summary denial); *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014) (denial after preliminary hearing).

3

A motion filed under K.S.A. 60-1507 motion must be filed within 1 year of

"(A) [t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or

"(B) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition." K.S.A. 2016 Supp. 60-1507(f)(1).

The record shows that all of Ragsdale's motions were filed more than 3 years after he was sentenced. However, Ragsdale claims the 1-year time limitation did not apply to his motion because an appellate court never had jurisdiction over his case and a petition for certiorari was never filed. But Ragsdale overlooks the second half of K.S.A. 2016 Supp. 60-1507(f)(1)(A) which states: "or the termination of such appellate jurisdiction." When a conviction is not appealed, appellate court jurisdiction is terminated 14 days after sentencing. See K.S.A. 2016 Supp. 22-3608(c); *Cox v. State*, No. 109,593, 2014 WL 1887642, at *3 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1009 (2015). Because Ragsdale did not appeal his convictions or sentences, he had 1 year and 14 days to file his K.S.A. 60-1507 motion. As all of his motions were filed well beyond that time, Ragsdale's K.S.A. 60-1507 motion was untimely.

This notwithstanding, the 1-year limitation period may be extended if a movant sufficiently alleges manifest injustice, which is determined from the totality of the circumstances. K.S.A. 2016 Supp. 60-1507(f)(2); *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014). Ragsdale claims he was improperly denied his right to a jury trial because the jury trial waiver contained in the diversion agreement was invalid due to the fact that the district court never advised him of his right to a jury trial. See *State v. Williams*, No. 114,683, 2016 WL 7324506, at *2-3 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* January 12, 2017. Ragsdale contends this denial

4

constitutes manifest injustice which entitled him to be heard on the merits of his claim even if it was untimely.

Unfortunately for Ragsdale, he did not make this argument before the district court. Although the issue of whether a jury trial waiver was valid has been raised for the first time on appeal in the context of a direct appeal, see, *e.g.*, 2016 WL 7324506, at *2, Ragsdale is arguing the invalid jury trial waiver constitutes manifest injustice. But our court has held that the existence of manifest injustice "is generally fact sensitive in part and must be raised in the motion itself or at least presented to the district court or it will not be considered on appeal." *Wilkerson v. State*, 38 Kan. App. 2d 732, 734, 171 P.3d 671 (2007); see also *State v. Trotter*, 296 Kan. 898, Syl. ¶ 3, 295 P.3d 1039 (2013) ("A defendant who files a motion under K.S.A. 60-1507 outside the 1-year time limitation in K.S.A. 60-1507[f] and fails to assert manifest injustice is procedurally barred from maintaining the action."). Because neither Ragsdale's pro se motion nor his amended motion mentioned manifest injustice, we decline to consider the issue.

Affirmed.