(219 P.3d 827)

No. 100,501

LYNWOOD BAKER, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed November 20, 2009.

*Elizabeth Seale Cateforis*, of Paul E. Wilson Defender Project, University of Kansas School of Law, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Steve Six*, attorney general, for appellee.

Before MALONE, P.J., GREEN and MARQUARDT, JJ.

GREEN, J.: Lynwood Baker filed a pro se motion under K.S.A. 60-1507. The trial court appointed counsel and granted a hearing on his motion. The motion was summarily denied. Baker appeals from the trial court's judgment denying his K.S.A. 60-1507 motion. On appeal, Baker contends that the trial court erred in dismissing his K.S.A. 60-1507 motion as untimely. We agree. In addition, he contends that he received ineffective assistance of counsel at the hearing on his K.S.A. 60-1507 motion. Because we have previously determined that his K.S.A. 60-1507 motion was timely filed, this issue is moot. Accordingly, we reverse and remand for further proceedings and a determination by the trial court of whether Baker's K.S.A. 60-1507 motion raised a substantial question of law or triable issue of fact regarding whether trial counsel was ineffective in failing to investigate or to offer evidence regarding Gerard Field's physical abilities or mental state just before his death.

Baker was convicted by a jury of first-degree murder. The charge arose from an incident in which Baker shot to death Fields, the paraplegic brother of his ex-girlfriend. Baker was sentenced to a "hard 50" life sentence.

Baker appealed his conviction and sentence. Our Supreme Court affirmed Baker's conviction in *State v. Baker*, 281 Kan. 997, 135 P.3d 1098 (2006). In the opinion, our Supreme Court vacated the sentence and remanded for resentencing. The mandate was issued on July 5, 2006. On December 21, 2006, the trial court resentenced Baker to life in prison with no possibility of parole for 25 years.

On August 6, 2007, Baker filed a K.S.A. 60-1507 motion and memorandum in support thereof, alleging that he had received ineffective assistance of trial counsel. Specifically, Baker maintained that trial counsel had failed to adequately investigate or offer evidence regarding Fields' physical abilities or mental state just before his death. Baker's defense to the murder charge was that Fields was depressed and committed suicide.

The State filed a response arguing that Baker's motion was untimely because it was not filed within 1 year of our Supreme Court's opinion (June 9, 2006) or the issuance of the mandate (July 5, 2006) as required by K.S.A. 60-1507(f).

The trial court appointed Stephen Ternes to represent Baker during the K.S.A. 60-1507 proceedings.

During a preliminary hearing on the motion, Ternes presented Baker's arguments regarding trial counsel. When asked to respond to the State's claim that the motion was untimely, Ternes stated:

"I believe his understanding of the process, Judge, is quite limited. I also believe that the manifest injustice rests in the idea that he has been sentenced to a long sentence. Obviously the court knows the appeals history here. But due to the severity of the sentence and his inability to direct counsel to do things that I think were even minimally required by counsel's obligations as his attorney, he's also not going to be aware of the lack of preparation, unless he specifically quizzes counsel on that, until the trial is under way or even completed. And it would be too late at that point."

The court stated as follows:

"Yeah, it seems to me pretty clear that Mr. Baker felt like his trial counsel did not do a good job. He had plenty of time on—more than enough time during his appeal, he could have inquired of his appellate counsel those issues, he had a year even after the Supreme Court issued its mandate to raise the issue with the Court. And I just find that the—Mr. Baker doesn't really provide any good explanation for the delay.

"These were facts that were known at the time of trial or shortly thereafter, these aren't new facts that would have likely risen their head after the appeals had been exhausted, it's not new evidence being uncovered, what have you. And so I agree with the State that the claims are time-barred."

## WAS BAKER'S K.S.A. 60-1507 MOTION UNTIMELY?

Baker appeals from the trial court's judgment dismissing his K.S.A. 60-1507 motion as untimely. As a result, the issue before us is whether Baker's K.S.A. 60-1507 motion was timely, thus entitling him to consideration of his K.S.A. 60-1507 motion.

Resolution of this issue involves an interpretation of K.S.A. 60-1507(f). Interpretation of a statute is a question of law over which this court exercises unlimited review. *State v. Jefferson*, 287 Kan. 28, 33, 194 P.3d 557 (2008). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *Hall v. Dillon Companies, Inc.*, 286 Kan. 777, 785, 189 P.3d 508 (2008). An appellate court must ascertain that intent through the statutory language used and give ordinary words their ordinary meaning. *State v. Gracey*, 288 Kan. 252, 257, 200 P.3d 1275 (2009).

K.S.A. 60-1507(f) states:

"(1) Any action under this section must be brought within one year of: (i) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (ii) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition.

"(2) The time limitation herein may be extended by the court only to prevent a manifest injustice."

The State argued, and the district court found, that Baker's motion was untimely because it was not filed within 1 year of our Supreme Court's opinion or within 1 year of its mandate.

K.S.A. 60-1507(f) requires a motion to be brought within 1 year of "[t]he final order of the last appellate court . . . to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction . . . ." Baker contends appellate jurisdiction did not terminate until 10 days following the date of resentencing, the statutorily prescribed time for appealing the sentence. See K.S.A. 22-3608.

The State counters that Baker's direct appeal was final on June 9, 2006, and his motion filed August 6, 2007, was untimely. Moreover, the State argues that the resentencing date is irrelevant.

Our search has revealed no case in which this issue has been addressed. The State cites *Wilkerson v. State*, 38 Kan. App. 2d 732, 171 P.3d 671 (2007), in support of its argument that Baker's K.S.A. 60-1507 motion was untimely. *Wilkerson*, however, will not bear the weight of reliance which the State places on it.

In *Wilkerson*, Wilkerson was sentenced to probation; he also received an underlying prison term. Wilkerson did not appeal his conviction or his sentence. Consequently, he lost appellate jurisdiction to pursue a direct appeal of his conviction or sentence in mid-November 2003. Wilkerson's probation was later revoked in September 2004. He filed an appeal from his probation revocation, which was later affirmed by this court on October 21, 2005.

On November 7, 2005, Wilkerson filed a pro se motion under K.S.A. 60-1507, arguing ineffective assistance of counsel in connection with his original plea agreement and sentence. The *Wilkerson* court noted that Wilkerson's motion was not time-barred to the extent he wished to assert a proper challenge to aspects of this probation revocation. Nevertheless, the court pointed out the problem with Wilkerson's motion was that it did not challenge any aspect of the probation revocation. Because his motion challenged the aspects of his original plea and his sentence, it was untimely under K.S.A. 60-1507(f). Indeed, the time in which Wilkerson could have challenged his plea and sentence issues by filing a K.S.A. 60-1507 motion started to run in mid-November 2003. Under K.S.A. 60-1507(f), Wilkerson's failure to commence a K.S.A. 60-1507 action by mid-November 2004 concerning the plea and sentence issues barred consideration of those issues. 38 Kan. App. 2d at 733-34.

In contrast, the later proceeding in this case—the resentencing—was the result of an action taken by our Supreme Court during Baker's direct appeal. Unlike the probation revocation in *Wilkerson*, Baker made a direct appeal from his conviction and sentence. As a result, the State's reliance on *Wilkerson* is misplaced.

Clearly, the legislature's intent in enacting the 1-year time limitation was to require habeas petitions be filed in a timely manner and to prevent stale claims from being raised years after the resolution of a criminal case. In other words, the legislature was seeking to encourage an efficient judicial system.

Although our Supreme Court's opinion, filed June 9, 2006, may have been the final order for that direct appeal, it would seem that the legislature did not intend for the time limit in this case to begin to run on the date of our Supreme Court's opinion. To say otherwise would create a situation where a defendant could file a K.S.A. 60-1507 motion within 10 days after our Supreme Court filed its opinion stating that the defendant needed be resentenced. Moreover, after the defendant is resentenced, the defendant could file another direct appeal, challenging issues related to the trial court's resentencing.

The K.S.A. 60-1507 statute, however, is not to be used in such a way as to thwart the policy against piecemeal appeals. In *Dunlap v. State*, 221 Kan. 268, 270, 559 P.2d 788 (1977), our Supreme Court stated this about the great writ: "Some degree of finality in the criminal appeal process must be achieved to prevent endless piecemeal litigation in both the state and federal courts. The time consumed and wasted by piecemeal litigation impedes the dispatch of business in the courts." Because the State's argument runs counter to the policy against piecemeal appeals, its argument affords no sound basis for following it.

Reversed and remanded with directions.

\* \* \*

MALONE, J., concurring: I respectfully concur with the result reached by the majority and with much of the reasoning stated in the majority opinion. However, I write separately to offer a different reason why the statute of limitations had not expired for Lynwood Baker's K.S.A. 60-1507 motion. A K.S.A. 60-1507 motion can only be brought by a prisoner "in custody under sentence of a court." K.S.A. 60-1507(a). Here, Baker was not in custody under the sentence of a court until he was resentenced on December 21,

2006. I do not believe that Baker could have properly filed a K.S.A. 60-1507 motion prior to that date. Because Baker did not take an appeal following his resentencing, his 1-year time period for filing a K.S.A. 60-1507 motion began to run upon the termination of appellate jurisdiction, which in his case was 10 days following the date of resentencing. Thus, Baker's K.S.A. 60-1507 motion filed on August 6, 2007, was timely.