No. 100,501

LYNWOOD BAKER, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(303 P.3d 675)

Original opinion filed June 7, 2013.

*Elizabeth Seale Cateforis*, of Paul E. Wilson Defender Project, University of Kansas School of Law, of Lawrence, argued the cause and was on the brief for appellant.

*Boyd K. Isherwood*, assistant district attorney, argued the cause, and *Nola Tedesco Foulston*, district attorney, and *Steve Six*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: On direct appeal, this court affirmed Lynwood Baker's conviction for first-degree murder but remanded the case for resentencing. Within 1 year of the resentencing hearing, but more than a year after the remand, Baker filed a K.S.A. 60-1507 motion alleging ineffective assistance of trial counsel. The district court appointed counsel, conducted a hearing, and dismissed the motion as untimely. The Court of Appeals reversed, holding that the time limitation under K.S.A. 60-1507 began 10 days after resentencing. On the State's petition for review, we consider when the time limitation provided in K.S.A. 60-1507(f) begins to run in a case where the defendant's conviction was affirmed on direct appeal, but the case was remanded for resentencing.

FACTS AND PROCEDURAL BACKGROUND

Lynwood Baker was convicted of first-degree murder and sen-

tenced to life in prison without the possibility of parole for 50 years. On direct appeal, this court affirmed his conviction but vacated his sentence and remanded for resentencing. The opinion was issued June 9, 2006. *State v. Baker*, 281 Kan. 997, 135 P.3d 1098 (2006). The mandate issued July 5, 2006. On December 21, 2006, Baker was resentenced to life in prison without the possibility of parole for 25 years. Baker did not file a direct appeal of the new sentence imposed on December 21, 2006.

On August 6, 2007, Baker filed a motion under K.S.A. 60-1507 alleging ineffective assistance of trial counsel. The district court appointed counsel to represent Baker. After a hearing, the district court denied Baker's motion as untimely filed.

On appeal, the Court of Appeals reversed the district court's finding that the motion was untimely filed and remanded for "further proceedings and a determination by the trial court of whether Baker's K.S.A. 60-1507 motion raised a substantial question of law or triable issue of fact regarding whether trial counsel was ineffective." *Baker v. State*, 42 Kan. App. 2d 949, 219 P.3d 827 (2009). The State filed its petition for review. We granted review to consider when the time for filing a K.S.A. 60-1507 motion begins when a conviction is upheld on direct appeal but the sentence is vacated and the matter is remanded for resentencing.

## TIME FOR FILING K.S.A. 60-1507 MOTION

This court has not considered when the 1-year time limitation begins to run in a case where the defendant prevailed on direct appeal and the conviction was affirmed but the case was remanded for resentencing. The Court of Appeals held: "In a case where our Supreme Court has ordered that a defendant is to be resentenced after a direct appeal, the 1-year time period, under K.S.A. 60-1507(f), for bringing a timely action under K.S.A. 60-1507 will start to run after the period for a direct appeal [from the resentencing] has expired." *Baker*, 42 Kan. App. 2d 949, Syl.

*Standard of Review*

"The interpretation of statutes is a question of law over which an appellate court exercises unlimited review. When courts are called upon to interpret statutes, the fundamental rule governing that interpretation is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. For this reason, when the language of a statute is plain and unambiguous, courts need not resort to statutory construction. Instead, an appellate court is bound to implement the legislature's expressed intent. Only where the face of the statute leaves its construction uncertain may the court look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested." *State v. Arnett*, 290 Kan. 41, Syl. ¶ 1, 223 P.3d 780 (2010).

Additionally, when the meaning of a statute is not clear from its plain language, we may consider the provisions of the entire act with a view toward reconciling and bringing them into harmony if possible. *State v. Ross*, 295 Kan. 1126, 1133, 289 P.3d 76 (2012). The court always strives for a reasonable interpretation or construction that avoids an unreasonable or absurd result. *Murphy v. Nelson*, 260 Kan. 589, 596, 921 P.2d 1225 (1996).

*K.S.A. 60-1507*

K.S.A. 60-1507 governs pleadings by prisoners who are in custody and are attacking their sentences; the relevant portions are:

"(a) *Motion attacking sentence.* A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may, pursuant to the time limitations imposed by subsection (f), move the court which imposed the sentence to vacate, set aside or correct the sentence.

. . . .

"(c) *Successive motions.* The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

. . . .

"(f) *Time limitations.* (1) Any action under this section must be brought within one year of: (i) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (ii) the denial of a motion for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition.

"(2) The time limitation herein may be extended by the court only to prevent a manifest injustice."

The State argues that, under the plain language of K.S.A. 60-1507, a motion must be filed within 1 year of the date when the appellate opinion in the underlying criminal case is issued. In making this argument, the State urges us to focus narrowly on K.S.A. 60-1507(f)(1)(i) in isolation.

Under such a narrow focus, the State's argument has some persuasive weight. At first glance, it would appear that the 1-year time to file a motion under K.S.A. 60-1507 began on July 5, 2006, the date the mandate issued in the underlying appeal. However, while this narrow view may be feasible when both the conviction and sentence are affirmed on appeal, a different result may occur where the sentence is vacated. K.S.A. 60-1507(a) affords relief only to a "prisoner in custody *under sentence*." (Emphasis added.) If Baker was not "under sentence" for the purpose of K.S.A. 60-1507 between the date the mandate issued (July 5, 2006) and the date he was resentenced (December 21, 2006), then the limitation period of K.S.A. 60-1507(f)(1)(i) would apply during a time period a movant could not have sought relief. In this case, the result would reduce the legislatively determined 1-year time limitation to less than 7 months.

Moreover, K.S.A. 60-1507(c) provides that the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner. If we were to find that Baker was "under sentence" for the purposes of K.S.A. 60-1507, and that the limitation period began from the date the mandate issued, litigants in Baker's position would run the risk that a second motion would be interpreted as successive and impermissible.

Therefore, in a case where the conviction is affirmed on appeal but the sentence is vacated and the case is remanded for sentencing, the legislature's intent is not clear from the plain language of K.S.A. 60-1507 alone. Accordingly, we turn to our rules of interpretation to determine the intent. See *Ross*, 295 Kan. at 1132; *Arnett*, 290 Kan. 41, Syl. ¶ 1; *Murphy*, 260 Kan. at 596.

Supreme Court Rule 183 (2012 Kan. Ct. R. Annot. 274) governs the procedures applicable to K.S.A. 60-1507. Interpretation of a Supreme Court Rule is a question of law. When interpreting a Supreme Court Rule, we apply the same rules of construction as those applicable to a statute. *Kansas Judicial Review v. Stout*, 287 Kan. 450, 459-60, 196 P.3d 1162 (2008). If the language of a court rule is clear, we are bound by that language. However, if the language is subject to more than one reasonable interpretation, the court may authoritatively state which interpretation is most consistent with our intent in adopting the rule. *Kansas Judicial Review*, 287 Kan. at 460-61.

Rule 183(c)(4)(A) provides that a motion under K.S.A. 60-1507 must be filed not later than 1 year after the later of "the date the mandate is issued by the last appellate court in this state which exercises jurisdiction on a movant's direct appeal or the termination of the appellate court's jurisdiction[.]" 2012 Kan. Ct. R. Annot. 275.

Like the limitation period of K.S.A. 60-1507(f)(1)(i), Rule 183(c)(4)(A) does not directly address the situation where a conviction is affirmed but the sentence is vacated and the case is remanded for resentencing. However, Rule 183(c)(2) is clear as to when a K.S.A. 60-1507 motion cannot be maintained: "[A] motion to vacate, set aside or correct a sentence cannot be maintained while an appeal from the conviction and sentence is pending or during the time within which an appeal may be perfected." 2012 Kan. Ct. R. Annot. 275.

We have explicitly stated that Rule 183 prohibits simultaneous pursuit of a direct appeal and a motion under K.S.A. 60-1507. *Swenson v. State*, 284 Kan. 931, 940, 169 P.3d 298 (2007). Additionally, Rule 183(c)(2) prohibits filing a K.S.A. 60-1507 motion during the time "within which an appeal may be perfected." 2012 Kan. Ct. R. Annot. 275.

A defendant who has been found guilty of a crime has the right to appeal from any district court judgment. K.S.A. 22-3602(a). Prior to 2010, K.S.A. 22-3608 provided 10 days in which to appeal. Thus, during the time relevant to Baker, he had the absolute right to appeal the sentence he received upon remand, and that appeal could have been perfected within 10 days of the date he was re-

sentenced. See K.S.A. 22-3602; K.S.A. 22-3608. Accordingly, Rule 183(c)(2) effectively prevented Baker from filing a motion under K.S.A. 60-1507 before the expiration of the time to appeal from the sentence received on remand.

The concurring opinion from the Court of Appeals in *Baker* offers an additional argument for finding that the time limitation under K.S.A. 60-1507 did not begin until Baker was resentenced. K.S.A. 60-1507(a) provides that "[a] prisoner in custody under sentence of a court of general jurisdiction . . . may, pursuant to the time limitations imposed by subsection (f), move the court which imposed the sentence to vacate, set aside or correct the sentence." In his concurrence, Judge Malone reasons that K.S.A. 60-1507(a) did not allow Baker to file his motion before resentencing because he was not "in custody under sentence of a court of general jurisdiction." *Baker*, 42 Kan. App. 2d at 953-54 (Malone, J., concurring).

Judge Malone's concurring opinion has merit. This court has never considered whether under K.S.A. 60-1507(a) a movant is "in custody under sentence" when, on appeal, his or her conviction is upheld but the sentence is vacated. However, we have noted that a movant who has completed his or her postrelease supervision is not "in custody" within the meaning of K.S.A. 60-1507, and a remedy under this statute is therefore unavailable at that time. See *State v. Stough*, 273 Kan. 113, 119, 41 P.3d 281 (2002). Moreover, the Court of Appeals has held that K.S.A. 60-1507 "clearly contemplates that *the sentence* being attacked is the one resulting in the present custody." (Emphasis added.) *Johnson v. State*, 4 Kan. App. 2d 573, 574, 608 P.2d 1044 (1980). The statute does not permit relief where the movant is not in custody under the sentence he or she is attempting to challenge. 4 Kan. App. 2d at 574.

In summary, this case involves a situation where the conviction was upheld on appeal but the sentence was vacated and the case was remanded to the district court for resentencing. If we were to adopt the State's reasoning, Baker would have been in a position where he was prohibited from maintaining a K.S.A. 60-1507 motion for approximately 5 months of the 1-year time limitation. This is an unreasonable result that would work to the prejudice of the

movant and cause confusion as to when a K.S.A. 60-1507 motion may be filed.

After construing K.S.A. 60-1507 as a whole and in harmony with Supreme Court Rule 183, we hold that under the facts of this case, the 1-year time limitation in which to file a K.S.A. 60-1507 motion does not begin until the time to appeal from the resentencing expires. As discussed above, Rule 183(c)(2) prohibits pursuit of a motion under K.S.A. 60-1507 while an appeal is pending or during the time within which an appeal may be perfected. *Swenson*, 284 Kan. at 940.

Moreover, K.S.A. 60-1507(f)(1)(i) requires a motion to be filed within 1 year of "[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction." Since Baker still had the right to appeal from his resentencing there was not yet a "final order." The 1-year time limitation for filing a motion could not begin until after the time for appeal from resentencing expired.

Finally, as previously discussed, this court vacated Baker's sentence but upheld the conviction. See *Baker*, 281 Kan. 997. To now hold that Baker was "under sentence" during the period following the appeal but before resentencing would, at the very least, require a strained interpretation of K.S.A. 60-1507(a). Therefore, under the circumstances of this case, Baker's motion was timely. We reverse the district court's judgment and remand to the district court for consideration of the merits of Baker's K.S.A. 60-1507 motion and whether (a) the motion, files, and case records conclusively show that Baker is entitled to no relief; (b) the motions, files, and records establish that a substantial issue potentially exists warranting a preliminary hearing; or (c) the motions, files, and records establish that a substantial issue exists requiring an evidentiary hearing. See *Fischer v. State*, 296 Kan. 808, Syl. ¶ 3, 295 P.3d 560 (2013).

The judgment of the Court of Appeals is affirmed. The judgment of the district court is reversed, and the case is remanded to the district court with directions.

MORITZ, J., not participating.

PAULA B. MARTIN, District Judge, assigned.