NOT DESIGNATED FOR PUBLICATION

No. 122,754

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANTWAN STEELE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Geary District Court; BENJAMIN J. SEXTON, judge. Opinion filed June 11, 2021.
Reversed and remanded with directions.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Krista L Blaisdell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., MALONE and GARDNER, JJ.

MALONE, J.: Antwan Steele appeals the summary denial of his K.S.A. 60-1507 motion. At 17, Steele committed two counts of rape, attempted aggravated criminal sodomy, and two counts of aggravated burglary. He was convicted as an adult and originally sentenced to 899 months' imprisonment. In 2015, he was resentenced to 615 months' imprisonment after the district court found his original sentence was illegal. In his K.S.A. 60-1507 motion, Steele claims that his 615-month sentence amounts to a de facto life sentence without parole and that such a sentence for a juvenile offender who commits nonhomicide offenses constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. But the district court did not

address the merits of Steele's constitutional claim, finding that his motion was untimely and successive. For the reasons stated in this opinion, we reverse the district court's summary denial of Steele's K.S.A. 60-1507 motion and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

The procedural history of Steele's case is important to the resolution of this appeal, so we will review the history in detail. In 1998, Steele, who was 17 years old when he committed his crimes, was prosecuted as an adult and convicted by a jury of two counts of rape, attempted aggravated criminal sodomy, and two counts of aggravated burglary. The district court sentenced Steele to 899 months' imprisonment after granting the State's motion for an upward departure. Steele's convictions were affirmed by this court in 2000. *State v. Steele*, No. 82,120, unpublished opinion filed February 4, 2000 (*Steele I*).

In March 2003, Steele filed a K.S.A. 60-1507 motion, raising several issues, including ineffective assistance of counsel and that his sentence constituted cruel and unusual punishment. The district court denied Steele's motion after an evidentiary hearing. Steele appealed but only briefed his ineffective assistance of counsel claim, and this court affirmed the district court's judgment. *Steele v. State*, No. 92,595, 2005 WL 2495783 (Kan. App. 2005) (unpublished opinion) (*Steele II*).

In 2014, Steele filed a motion to correct illegal sentence claiming that his sentence was illegal under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and that his sentence was cruel and unusual punishment based on reasoning in *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010), and *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012). In September 2015, the district court agreed with Steele on his *Apprendi* claim and resentenced him to 615 months' imprisonment. More specifically, the district court sentenced Steele to 308 months' imprisonment on the primary offense of rape and imposed consecutive sentences

on the remaining counts, for a controlling term of 615 months' imprisonment. At the sentencing hearing, Steele again raised his cruel and unusual punishment claim, but the sentencing court did not address it. Steele appealed his sentence, advancing his cruel and unusual punishment claim, but this court dismissed the appeal for lack of jurisdiction because Steele received a presumptive sentence. The parties refer to this dismissal, which occurred in an order, as *Steele III*. The mandate for *Steele III* was issued on September 14, 2017.

In October 2017, Steele filed a pro se motion to correct illegal sentence, arguing that his sentence was cruel and unusual based on *Graham*. The district court denied the motion, and Steele appealed. In a three-paragraph opinion, this court affirmed the district court's denial without addressing the merits of the claim, finding that a motion to correct illegal sentence cannot be used to raise a constitutional challenge to a sentence. *State v. Steele*, No. 118,799, 2018 WL 5728276, at *1 (Kan. App. 2018) (unpublished opinion) (*Steele IV*). The *Steele IV* mandate was issued on August 6, 2019.

On December 27, 2019, Steele filed the instant pro se K.S.A. 60-1507 motion, arguing that (1) K.S.A 21-4720(b)(1) and (b)(4) are unconstitutional when applied to juveniles who commit nonhomicide offenses; (2) his sentence violates the cruel and unusual punishment clause in the Eighth Amendment; and (3) he "should not be time barred because he has been diligently pursuing his rights." Without appointing counsel for Steele, the district court summarily denied the motion as untimely and successive. More specifically, the district court found that Steele's motion exceeded the one-year time limitation that began to run in 2000 when the mandate was issued in the direct appeal of Steele's original sentence. The district court also found that dismissing the action "does not equate with manifest injustice." Finally, the district court found the motion was successive because Steele had filed a similar motion in 2003. Steele timely appealed the district court's judgment, and counsel was appointed to handle the appeal.

On appeal, Steele claims the district court erred in summarily denying his motion as untimely and successive. More specifically, Steele argues that the district court erred in finding that he failed to show manifest injustice to allow the untimely motion. The State argues the district court correctly denied his motion as untimely and successive. The State also asserts that Steele's motion could be denied based on res judicata.

A district court has three options when handling a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

When, as here, a district court summarily denies a movant's K.S.A. 60-1507 motion without a hearing, this court applies a de novo standard of review to determine whether the motion, files, and records of the case conclusively show that the movant is entitled to no relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

*The district court erred in finding that Steele's K.S.A. 60-1507 motion was procedurally barred as untimely.*

To be considered timely, a K.S.A. 60-1507 motion must be brought within one year of "[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction." K.S.A. 2020 Supp. 60-

4

1507(f)(1)(A). The time limit can be extended "only to prevent a manifest injustice." K.S.A. 2020 Supp. 60-1507(f)(2). To find manifest injustice, the court "shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2020 Supp. 60-1507(f)(2)(A). If the motion is untimely and dismissal would not result in manifest injustice, the district court must dismiss the motion. K.S.A. 2020 Supp. 60-1507(f)(3).

The district court denied Steele's motion as untimely, finding this motion was filed "almost 20 years after his Petition for Review was denied by the Kansas Supreme Court and almost 22 years after his original conviction." Steele asserts that the district court made a mistake of fact in denying his motion as untimely because it used the mandate from *Steele I* in 2000 as the start date for the time limit. But since he was resentenced in 2015, Steele asserts the mandate in *Steele III* controls the timeliness of his motion.

Steele is correct that the district court erred in finding his motion untimely based on the mandate from *Steele I*. The district court originally sentenced Steele to 899 months' imprisonment, and the mandate on Steele's direct appeal from that sentence was issued in 2000. But the district court later found that Steele's original sentence was illegal, so the district court *vacated* the original sentence and resentenced Steele in 2015. Steele's operative sentence is the one imposed in 2015. He filed a direct appeal from that sentence, and the mandate from that direct appeal was issued on September 14, 2017. Under K.S.A. 2020 Supp. 60-1507(f)(1)(A), Steele had until September 14, 2018 to timely file his motion collaterally challenging his sentence. See *Baker v. State*, 297 Kan. 486, Syl., 303 P.3d 675 (2013) (stating time limitation begins to run after the period for taking a direct appeal from the new sentence expires); *Jackson v. State*, No. 122,182, 2020 WL 5269440, at *4 (Kan. App. 2020) (unpublished opinion) (citing *Baker* to find time limitation was calculated using defendant's resentencing date).

5

But as Steele concedes, he did not meet that deadline when he filed the instant K.S.A. 60-1507 motion on December 27, 2019. Steele's motion alleged that he "should not be time barred because he has been diligently pursuing his rights." On appeal, Steele develops this argument and asserts that denying his motion as untimely would result in manifest injustice because he tried to timely raise the constitutional issue in his 2017 motion to correct illegal sentence but that was the wrong procedural vehicle to raise such a claim. He argues that once *Steele IV* informed him of his mistake, he immediately raised the issue in this motion. Steele claims this history shows he has been diligently pursuing this claim and that it would be manifestly unjust to deny him the opportunity to have this claim heard on the merits based solely on procedural bars.

The district court found that dismissing Steele's motion "does not equate with manifest injustice," but in doing so the court did not properly analyze the manifest injustice claim. In deciding whether Steele's untimely motion should have been allowed to prevent a manifest injustice, the district court should have focused on why Steele "failed to file the motion within the one-year time limitation." K.S.A. 2020 Supp. 60-1507(f)(2)(A). Instead, the district court merely concluded that the merits of Steele's sentencing argument did not present a manifest injustice to allow an untimely motion.

Had the district court considered Steele's manifest injustice claim under the proper standard, it would have found that Steele presented a persuasive argument. Steele claims he tried to timely pursue this issue but failed because he brought it under the wrong statute. Generally, a movant's ignorance of the law does not establish manifest injustice. See, e.g., *Johnson v. State*, No. 121,993, 2020 WL 3116898, at *2 (Kan. App. 2020) (unpublished opinion) (collecting cases stating same). For instance, if Steele had simply asserted that he did not know about the one-year time limitation to bring his claim, such an excuse would not entitle him any relief. But Steele's unsuccessful attempt to bring his claim under the wrong statute should not be dismissed as simply "ignorance of the law" barring him from now attempting to bring his claim under the proper statute.

A closer consideration of the procedural history in Steele's case shows that he timely advanced his Eighth Amendment challenge to his sentence, but his claim has always been denied on procedural grounds. As mentioned above, Steele was resentenced in 2015. He appealed, raising his constitutional claim, but that appeal was dismissed because appellate courts lack jurisdiction to review presumptive sentences even when the appeal raises constitutional infirmities. See *State v. Huerta*, 291 Kan. 831, 840-41, 247 P.3d 1043 (2011). The mandate from his direct appeal was issued September 14, 2017.

One month after the mandate was issued, Steele filed a pro se motion to correct illegal sentence advancing his Eighth Amendment claim. The district court summarily denied the motion and Steele appealed. This court affirmed the dismissal citing the rule that a constitutional claim cannot be raised in a motion to correct illegal sentence under K.S.A. 22-3504. See *State v. Moncla*, 301 Kan. 549, 553-54, 343 P.3d 1161 (2015) ("'Because the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision, a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence.'").

While the rule cited is technically correct, courts are supposed to liberally interpret pro se pleadings based on their content and not solely on the title or labels. See *State v. Redding*, 310 Kan. 15, 18, 444 P.3d 989 (2019) ("In construing pro se postconviction motions a court should consider the relief requested, rather than a formulaic adherence to pleading requirements."). Had Steele's pro se illegal sentence motion—filed one month after the mandate from his resentencing was issued—been liberally construed as a K.S.A. 60-1507 motion to give effect to his claim, it would have been a timely motion and could have been addressed on the merits. But his motion was summarily denied as an improper vehicle to raise his constitutional claim. It took almost two years from the time Steele moved to correct his illegal sentence to when the *Steele IV* mandate was issued, informing him that he needed to raise his argument under K.S.A. 60-1507. Within four months of the mandate in *Steele IV*, Steele filed the instant K.S.A. 60-1507 motion.

7

Thus, Steele's K.S.A. 60-1507 motion correctly asserted that "he has been diligently pursuing his rights." The only reason Steele failed to file this motion within the one-year time frame was because he erroneously advanced his claim in a motion under K.S.A. 22-3504 instead of a motion under K.S.A. 60-1507. But our Supreme Court has disproved of such a formulaic interpretation of pro se motions. Instead of denying the illegal sentence motion, filed one month after the *Steele III* mandate, the district court should have liberally construed the motion as one under K.S.A. 60-1507. Had it done so, Steele's motion raising his Eighth Amendment claim would have been timely.

In sum, the district court erred in determining the timeliness of Steele's motion from the date of the 2000 mandate. Instead, the controlling date is based on the mandate from Steele's direct appeal of his resentencing. The district court also erred in failing to properly consider Steele's manifest injustice argument and in applying an incorrect standard to determine manifest injustice. When Steele's argument is properly considered, we conclude he has advanced a persuasive argument that summarily denying his K.S.A. 60-1507 motion as untimely resulted in a manifest injustice.

*The district court erred in finding Steele's K.S.A. 60-1507 motion was procedurally barred as successive.*

The district court also denied Steele's K.S.A. 60-1507 motion on the procedural ground that it was successive, pointing out that Steele had filed a similar motion in 2003 and finding that the court would not "plow the same ground twice."

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." K.S.A. 2020 Supp. 60-1507(c); see also Supreme Court Rule 183(d) (2021 Kan. S. Ct. R. 239) (sentencing court may not consider successive motion by same movant when ground for relief determined against movant in prior motion; prior determination on merits; and justice not served by reaching

8

merits of subsequent motion). To avoid the bar on successive motions, the movant must "establish[] exceptional circumstances." *Nguyen v. State*, 309 Kan. 96, 108, 431 P.3d 862 (2018). "'[E]xceptional circumstances are unusual events or intervening changes in the law that prevented the defendant [from] raising the issue in a preceding [K.S.A.] 60-1507 motion.'" 309 Kan. at 109.

Steele argues that the district court erroneously found his motion to be successive based on the 2003 motion or any motions filed before his 2015 resentencing. He also argues that even if this motion is successive to prior motions, the authorities he relies on in support of his Eighth Amendment claim, *Miller* and *Graham*, are changes in the law that was unavailable at the time of his prior motions. In a Rule 6.09 Letter, Steele points to *Williams v. State*, 58 Kan. App. 2d 947, 476 P.3d 805 (2020), *rev. granted* 312 Kan. 902 (2021), in which this court found *Miller* and *Graham* constituted changes in the law, establishing exceptional circumstances allowing a successive K.S.A. 60-1507 motion to be heard. He also points out that *Williams* supports the merits of his claim.

The State does not directly address successiveness. Instead, the State asserts that this motion can be denied based on the doctrine of res judicata because the appellate court dismissed his direct appeal raising the Eighth Amendment issue.

Under K.S.A. 2020 Supp. 60-1507(a), a prisoner asserts "the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." Steele is correct that this is the first K.S.A. 60-1507 motion he has filed challenging his 2015 sentence as an unconstitutional sentence. Thus, the district court erred in finding that Steele's 2003 K.S.A. 60-1507 motion caused his current motion to be successive. Steele's current motion is not a successive K.S.A. 60-1507 motion, so Steele need not establish exceptional circumstances to avoid the bar on successive motions.

9

The district court also erred in finding that it had already "plow[ed]" the same ground. Although Steele raised his Eighth Amendment claim in his direct appeal following his resentencing and in his 2017 motion to correct illegal sentence, neither of those avenues allowed the court to address his constitutional challenge on the merits. Instead, those avenues for relief were denied on procedural grounds. Thus, the district court has never addressed the merits of Steele's Eighth Amendment claim.

The lack of a final judgment on the merits not only cuts against finding this motion successive but it also precludes the State's argument this his claim can be denied based on res judicata. See *Bogguess v. State*, 306 Kan. 574, 580, 395 P.3d 447 (2017) (stating elements of res judicata, including a final judgment on the merits). Steele's current motion is neither successive nor barred by the doctrine of res judicata.

By denying Steele's motion as untimely and successive, the district court never considered the merits of Steele's claim or whether further proceedings were necessary to resolve the issue. Still, summary dismissal of a K.S.A. 60-1507 motion is appropriate if "the motion, files, and records of the case conclusively show that the movant is entitled to no relief." *Beauclair*, 308 Kan. at 293. Because our review of this issue is unlimited, we will briefly examine Steele's claim to decide whether the district court was right for the wrong reason in summarily denying the motion.

*The motion, files, and records of the case do not conclusively show that Steele's motion lacks merit.*

Steele asserts an Eighth Amendment claim in his motion. The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishments." This provision has been interpreted to require the punishment be "'graduated and proportioned to [the] offense.'" *State v. Brown*, 300 Kan. 542, 563, 331 P.3d 781 (2014) (quoting *Graham*, 560 U.S. at 59). There are two types of

proportionality challenges that can be advanced under the Eighth Amendment: (1) a case specific challenge to "'the length of term-of-years sentences given all the circumstances in a particular case'" and (2) a categorical challenge based on certain categorical restrictions. See *State v. Patterson*, 311 Kan. 59, 71, 455 P.3d 792 (2020), *cert. denied* 141 S. Ct. 292 (2020).

Steele advances a categorical proportionality challenge, arguing that a de facto life sentence without parole is inappropriate for juvenile offenders who commit nonhomicide offenses. He asserts that his 615-month sentence amounts to "a *de facto* life without parole sentence" that does not provide him a realistic chance to be released. The State does not brief the merits of Steele's claim, nor did the State file any response to Steele's motion before the district court's summary dismissal.

To understand Steele's challenge, it helps to examine the recent changes in the caselaw related to sentences imposed on juveniles. In 2010, the United States Supreme Court held that the Eighth Amendment prohibits a mandatory life-without-parole sentence for juvenile nonhomicide offenders. *Graham*, 560 U.S. at 74. It reasoned that "defendants who do not kill, intend to kill, or foresee that life will be taken are categorically less deserving of the most serious forms of punishment than are murderers." 560 U.S. at 69. In 2012, the United States Supreme Court held mandatory life-without-parole sentences for juveniles were unconstitutional under the Eighth Amendment even for homicide offenses. *Miller*, 567 U.S. at 480. Significantly, *Miller* applies retroactively to cases on collateral review. *Montgomery v. Louisiana*, 577 U.S. 190, 212, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016).

These cases turn on the reasoning that juveniles are less culpable, and it is only the "'rare juvenile offender whose crime reflects irreparable corruption.'" *Graham*, 560 U.S. at 68; see *Miller*, 567 U.S. at 471. *Graham* stated that "[t]he Eighth Amendment does not foreclose the possibility that persons convicted of nonhomicide crimes committed before

adulthood will remain behind bars for life. It does prohibit States from making the judgment at the outset that those offenders never will be fit to reenter society." 560 U.S. at 75. In other words, a life-without-parole sentence for a juvenile offender violates the Eighth Amendment only when it is imposed with no discretion.

In *Brown*, 300 Kan. at 564, the Kansas Supreme Court declined to extend the *Miller* holding and reasoning to a hard 20 sentence, holding a mandatory hard 20 life sentence imposed on a juvenile was not unconstitutional. The court reasoned that "[a] hard 20 life sentence does not irrevocably adjudge a juvenile offender unfit for society [instead] . . . it gives the offender a 'meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation' by permitting parole after the mandatory 20-year minimum prison term is served." *Brown*, 300 Kan. at 564; but see *State v. Dull*, 302 Kan. 32, 61, 351 P.3d 641 (2015) (holding mandatory lifetime postrelease supervision term for juvenile offender categorically unconstitutional), *cert. denied* 577 U.S. 1193 (2016).

In 2016, this court found that a 732-month controlling sentence—618 months for rape, 34 months for aggravated burglary, 61 months for aggravated robbery, and 19 months for aggravated intimidation of a witness—imposed on a 17-year-old did not violate the Eighth Amendment. *State v. Redmon*, No. 113,145, 2016 WL 5344034, at *1-3 (Kan. App. 2016) (unpublished opinion). The court found that until the United States Supreme Court extended the *Miller* and *Graham* holdings to aggregate sentences, it declined to do so. *Redmon*, 2016 WL 5344034, at *6. It also pointed to *Brown* and *Ellmaker v. State*, No. 108,728, 2014 WL 3843076, at *9-10 (Kan. App. 2014) (unpublished opinion) (finding a hard 50 sentence imposed on a juvenile did not constitute a life sentence without the possibility of parole), in support of its decision not to extend *Miller* and *Graham*. But the *Redmon* panel acknowledged that other jurisdictions have found that *Miller* applied equally to aggregate sentences that

constituted a de facto life sentence. *Redmon*, 2016 WL 5344034, at *6 (collecting cases stating same).

More recently, in October 2020, another panel of this court disagreed with the reasoning in *Redmon* and *Ellmaker*, finding a hard 50 sentence imposed on a juvenile homicide offender was the equivalent of imposing a sentence of life without parole. *Williams*, 58 Kan. App. 2d at 968, 973. The panel held the court could not impose a hard 50 "without first considering the offender's youth and attendant characteristics, including the child's diminished culpability and heightened capacity for change, while keeping in mind that such a sentence is constitutionally disproportionate for all but the rarest of children whose crimes reflect irreparable corruption." 58 Kan. App. 2d at 976. The panel clarified that it was not adopting a categorical prohibition on imposing a hard 50 sentence but was stating that the *Miller* procedure for imposing such a sentence must be followed. *Williams*, 58 Kan. App. 2d at 978. After going through and deciding that *Miller* should apply because a hard 50 was a de facto life sentence, the *Williams* panel remanded the case to the district court to continue with an evidentiary hearing under K.S.A. 60-1507 to determine whether Williams' sentence was unconstitutional. 58 Kan. App. 2d at 977. But a petition for review has been granted in *Williams* and it is unclear whether the Kansas Supreme Court will agree with extending the holding in *Miller* to a hard 50 sentence.

Finally, on April 22, 2021, the United States Supreme Court again addressed the constitutional requirements for juvenile sentencing in *Jones v. Mississippi*, 593 U.S. __, 141 S. Ct. 1307, __ L. Ed. 2d __ (2021). Jones was convicted of murder, which he committed when he was 15 years old. The sentencing court imposed the mandatory life without parole sentence, before *Miller* was decided. In the wake of *Miller*, the Mississippi Supreme Court determined that Jones was entitled to resentencing. The sentencing court acknowledged that it had discretion under *Miller* to impose a lesser sentence than life without parole, but it found the appropriate sentence for Jones remained life without parole. Jones appealed, arguing that the sentencing court had to make either explicit or

13

implicit factual findings under *Miller*. The United States Supreme Court disagreed, holding that *Miller* did not require an explicit finding of permanent incorrigibility nor did it require the sentencing court to make such implicit findings. 141 S. Ct. at 1313-22.

To summarize the above cases, there is caselaw in Kansas that holds a hard 20 sentence for a juvenile does not categorically offend the Eighth Amendment and there is at least one case that supports that a hard 50 sentence for a juvenile *homicide* offender could offend the Eighth Amendment. Steele is arguing his aggregate 615-month sentence, or a 51-year sentence, for *nonhomicide* offenses violates the Eighth Amendment. The unpublished opinion in *Redmon* is the closest case on point, and the holding in that case is contrary to Steele's position. But the more recent decision in *Williams* at the very least questions some of the court's reasoning in *Redmon*. Based on the existing caselaw, we cannot say that the motion, files, and records of the case conclusively show that Steele is entitled to no relief. At a minimum, he raised a colorable claim that required the district court to conduct further analysis before summarily denying his motion.

CONCLUSION AND REMAND ORDER

In sum, the district court erred in summarily denying Steele's motion as untimely and successive. The appropriate remedy is to remand this matter for further consideration by the district court. On remand, the district court must appoint counsel to represent Steele and must at least hold a preliminary hearing to address Steele's constitutional claim and to decide whether further proceedings are warranted. By remanding the matter for further proceedings, the State will also get the opportunity to address the merits of Steele's claim, which it did not do before the district court or in its brief to this court. By remanding the matter, we are not stating that Steele is entitled to relief on his constitutional claim. Instead, we are merely stating that the district court should have addressed the merits of Steele's claim instead of summarily denying his motion.

14

Reversed and remanded with directions.

* * *

POWELL, J., concurring and dissenting: I join the majority's well-reasoned opinion holding that the district court erred in not considering the merits of Steele's claim that his sentence constitutes cruel and unusual punishment. But I must dissent from its holding that the district court should do this merits analysis. I joined another panel's opinion in *State v. Redmon*, No. 113,145, 2016 WL 5344034, at *6-7 (Kan. App. 2016) (unpublished opinion), which held as a matter of law that a 732-month aggregated term-of-years sentence does not equate to the functional equivalent of a life sentence without the possibility of parole and, therefore, could not categorically violate the Eighth Amendment to the United States Constitution. For the reasons articulated in *Redmon*, because Steele's 615-month prison sentence similarly cannot be equated to the functional equivalent of a life sentence without parole, it cannot categorically violate the Eighth Amendment.