NOT DESIGNATED FOR PUBLICATION

No. 127,717

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JORDAN R. SEVERS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Submitted without oral argument. Opinion filed June 20, 2025. Affirmed.

*Jordan R. Severs*, appellant pro se.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.


Before ATCHESON, P.J., COBLE and PICKERING, JJ.


PER CURIAM: Jordan Ray Severs appeals the McPherson County District Court's denial of his motion for habeas corpus relief under K.S.A. 60-1507 from jury convictions for three counts of rape and one count of aggravated criminal sodomy in a 2009 trial and his concomitant controlling sentence of 741 months in prison. The district court properly found Severs filed the 60-1507 motion after the statutory deadline. See K.S.A. 2024 Supp. 60-1507(f)(1). Severs, who has represented himself throughout this habeas corpus proceeding, contends the motion was timely filed. He has not argued his claims should be considered under the statutorily recognized exception to the deadline to avert a manifest

1

injustice. See K.S.A. 2024 Supp. 60-1507(f)(2)(A). The district court ruled correctly, and we affirm.

The facts underlying Severs' criminal convictions are irrelevant, and we do not recount them here. Severs filed a direct appeal; we affirmed. *State v. Severs*, No. 104,431, 2011 WL 4440415 (Kan. App. 2011) (unpublished opinion). The Kansas Supreme Court denied his petition for review. In 2019, Severs filed a motion to correct an illegal sentence, contending he should have been on postrelease supervision for the rest of his life rather than the 36-month term the district court originally ordered. He later filed a motion for a new trial and a motion to arrest judgment under K.S.A. 22-3502. The district court revised Severs' sentence as he requested and denied the other motions as untimely. We affirmed the district court on Severs' appeal of the adverse rulings on his motions for a new trial and arrest of judgment. *State v. Severs*, No. 122,858, 2021 WL 5990051 (Kan. App. 2021) (unpublished opinion). The Kansas Supreme Court denied Severs' petition for review on November 23, 2022. And the Clerk of the Appellate Courts filed the mandate on December 12, 2022.

Severs crafted his 60-1507 motion and placed it in the mail system at the El Dorado state prison, where he was an inmate, on December 22, 2023, for delivery to the McPherson County District Court Clerk. Under the prison mailbox rule, we consider the 60-1507 motion to be filed on that date. *Wahl v. State*, 301 Kan. 610, 615, 344 P.3d 385 (2015). Severs' motion raises an array of attacks on his convictions, some of them have been constitutionalized and others have not been—that is, they could have been raised in the direct appeal. Again, the precise claims are beside the point, given the procedural arguments Severs has asserted on appeal.

Relevant here, under K.S.A. 2024 Supp. 60-1507(f)(1), a defendant has one year to file a habeas corpus motion measured from either "[t]he final order of the last appellate court to exercise jurisdiction on a direct appeal" or "the denial of a petition for writ of

certiorari to the United States [S]upreme [C]ourt" or that Court's final order following a grant of certiorari. The district court found Severs' motion untimely under K.S.A. 2024 Supp. 60-1507(f)(1), denied it for that reason, and alternatively concluded the motion failed to present grounds warranting a hearing. Severs has appealed.

On appeal, Severs argues his motion was timely filed, i.e., within the one-year deadline, and offers arguments supporting that position. As we have said, Severs does not contend that the manifest injustice exception to the time bar applies. That exception permits review of an otherwise untimely motion if the movant offers compelling circumstances for missing the deadline or presents new evidence strongly suggesting their actual innocence. See K.S.A. 2024 Supp. 60-1507(f)(2)(A). Because Severs has argued neither basis for a manifest injustice finding, we do not consider the exception.

• Severs argues that the district court's ruling changing his postconviction supervision term in response to his motion to correct an illegal sentence opens the door to this attack on his underlying convictions. This is at best a debatable proposition and more likely a highly doubtful one. In *Baker v. State*, 297 Kan. 486, 491-92, 303 P.3d 675 (2013), the court recognized that when a conviction has been affirmed on direct appeal but the corresponding sentence has been vacated and the case remanded for resentencing, the one-year habeas corpus filing period starts when any appeal of the new sentence has concluded or the time to appeal has expired. That would not seem to apply here since a motion to correct an illegal sentence is not part of a direct appeal; it is a safety valve if a defendant does not appeal an illegal sentence in due course from the judgment of conviction. And the time for Severs to have appealed from the ruling on the motion to correct an illegal sentence would have run 14 days after the resentencing. See K.S.A. 22-3608; 297 Kan. at 490. But, as the prevailing party, Severs did not appeal that ruling. Rather, he appealed the district court's denial of his motion for a new trial and his motion to arrest judgment. So the rule in *Baker* would not apply to them. But even if Severs'

3

premise were correct, his 60-1507 motion was past the one-year time limit, as measured from the mandate entered in his appeal of the denial of those motions.

• Severs contends he had 90 days to petition the United States Supreme Court for certiorari after his petition for review was denied, so he should get an additional 90 days to file his 60-1507 motion. But the plain language of K.S.A. 60-1507(f)(1)(B) undercuts the contention. The one-year period does not begin to run until the Court either denies a petition for writ of certiorari or grants certiorari and issues a final decision. A defendant actually must file a certiorari petition to trigger the additional time to file a 60-1507 motion. Here, Severs did not file a petition with the United States Supreme Court, so he was entitled to no additional time under K.S.A. 60-1507(f)(1)(B).

Severs cites *Gaudina v. State*, 278 Kan. 103, 105-06, 92 P.3d 574 (2004), in support of his argument. But he misapprehends the issue in *Gaudina*. There, the court considered when a case becomes final for purposes of determining whether a new rule of law announced in another case can be applied in the first case. For retroactivity purposes, a case is not final until the time to file for certiorari has expired. But Severs is not arguing for the application of a new rule of law from another case to this proceeding. The holding in *Gaudina* is inapposite, and the plain language of K.S.A. 60-1507(f)(1) governs.

• Severs finally argues he should get the benefit of the rule that adds three days to a time period when service has been made by United States mail. See K.S.A. 2024 Supp. 60-206(d). He says three days should be added to the date the mandate issued to account for its delivery to him. In his appellate brief, Severs asserts the mandate was served by mail on December 19, 2022. But he does not provide a cite to the record that supports his assertion as to the specific date. The Clerk of the Appellate Courts' file shows the mandate was signed on December 9 and filed on December 12, 2022. Without an anchor in the record, Severs has failed to properly support this argument, and we decline to credit it for that reason. See *In re Huffman*, 315 Kan. 641, 675, 509 P.3d 1253 (2022);

4

*Evergreen Recycle v. Indiana Lumbermens Mut. Ins. Co.*, 51 Kan. App. 2d 459, 488, 350 P.3d 1091 (2015); Supreme Court Rule 6.02(a)(4) (2025 Kan. S. Ct. R. at 36) ("The court may presume that a factual statement made without a reference to volume and page number has no support in the record on appeal.").

Affirmed.