NOT DESIGNATED FOR PUBLICATION

No. 123,471

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

EDRICK LADON CASH f/k/a EDRICK LADON MCCARTY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed March 11, 2021. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., HILL and ISHERWOOD, JJ.

PER CURIAM: Edrick Ladon Cash appeals the district court's summary denial of his K.S.A. 60-1507 motion. His motion argued (1) the Larned State Hospital had violated his *Miranda* rights; (2) the State should have presented the charges to a grand jury for an indictment rather than file a complaint; and (3) the State had overcharged Cash with aggravated battery by intentional, great bodily harm. The district court reviewed the motion and the records and summarily denied Cash's motion as untimely. The district court also found that Cash failed to show that he would suffer a manifest injustice if the district court did not extend the one-year time limit. Finding no error, we affirm.

1

*Factual and Procedural Background*

Cash (formerly McCarty—changed last name in February 2021) is serving a life sentence and 136 months in prison for his 1998 convictions of aggravated robbery and first-degree felony murder. The Kansas Supreme Court affirmed those convictions. *State v. McCarty*, 271 Kan. 510, 519, 23 P.3d 829 (2001).

In 2016, Cash and another patient at Larned State Hospital had an altercation—the other patient suffered a broken nose and fractured eye orbit yet Cash suffered no injuries. The State originally charged Cash with aggravated battery, by intentional, great bodily harm, a severity level 4 felony. At the preliminary hearing, the magistrate judge bound Cash over on the lesser charge of aggravated battery, a severity level 7 felony. Cash pleaded not guilty and filed a "Motion of Intent to Rely Upon the Affirmative Defense of Mental Disease or Defect."

The Larned State Hospital evaluated Cash but determined he did not lack the mental state required as an element of the aggravated battery charge. The district court granted Cash's motion for an independent evaluation, but the independent evaluation also found that he was fully aware of his actions on the date of the altercation. It also explained that Cash most likely did not suffer from mental disease or defect at the time.

In 2018, Cash pleaded no contest to the lesser charge of attempted aggravated battery, a severity level 9 felony. A presentence investigation report showed Cash's criminal history score was A, carrying a presumptive prison sentence. Cash moved the district court for a downward dispositional departure to supervised probation, to begin if the Prisoner Review Board paroled Cash from his life sentence. The district court granted Cash's motion, sentenced him to 16 months' imprisonment, then suspended that sentence to 12 months' probation. Because Cash had committed the attempted aggravated battery felony while he was incarcerated for a felony, the district court was required by law to

2

order that sentence run consecutive to Cash's previous sentences, including his life sentence plus 136 months' imprisonment for aggravated robbery and first-degree felony murder, mentioned above.

In March 2020, Cash filed a K.S.A. 60-1501 habeas petition in Butler District Court, arguing the State had violated his rights against self-incrimination. Another panel of this court affirmed the district court's summary denial of relief. *McCarty v. Cline*, No. 122,877, 2020 WL 6935620, at *3 (Kan. App. 2020) (unpublished opinion).

In September 2020, while Cash's appeal of his K.S.A. 60-1501 habeas petition was still pending, Cash filed a K.S.A. 60-1507 motion in Pawnee County District Court. That motion alleged three grounds: (1) the guards did not read Cash his *Miranda* rights; (2) the facility did not allow Cash to have his case "handed to the People"; and (3) the State "over charged" Cash, thereby stripping him of his liberty and Fourteenth Amendment rights.

As factual support for this motion, Cash first stated Larned State Hospital employees had failed to read him his *Miranda* rights after his altercation with another patient, and had he known of his rights, he would not have pleaded to the reduced charge. Second, Cash argued that the charge could have been "put in the hands of the People" but that, instead, the State of Kansas charged him through a complaint, thereby violating the Fifth Amendment to the United States Constitution. And third, Cash argued he was "charged with battery, then battery again in 2016, without being Mirandized at Larned State Hospital" and that this violated his due process rights.

In October 2020, the district court summarily denied Cash's K.S.A. 60-1507 motion. The district court found that under K.S.A. 2020 Supp. 60-1507, aggrieved inmates must bring the motion within a year from the final order of an appellate court on direct appeal or from the termination of appellate jurisdiction. Because Cash had not done

3

so, he had to show manifest injustice. The district court found that Cash failed to meet that burden of injustice because:

- Although the inmate must show facts supporting manifest injustice in the 60-1507 motion, Cash had failed to plead manifest injustice—he had merely referenced that phrase when arguing he had been ignorant of the law so he could not have filed a 60-1507 motion earlier;
- Cash failed to show events that were "obviously unfair" or "shocking to the conscience";
- Cash made no colorable claim of innocence; and
- Cash did not allege ineffective assistance of counsel.

As a result, the district court found Cash failed to show that its review was necessary to prevent manifest injustice.

The district court also found Cash should have raised his three grounds for relief on direct appeal and could no longer do so. The district court denied Cash's motion and his request for appointment of counsel, finding he failed to raise a substantial question of law or triable issue of fact warranting an evidentiary hearing.

Cash moved for reconsideration and filed a timely notice of appeal. The district court denied Cash's motion, finding no basis to reconsider. Cash does not challenge the district court's denial of his motion to reconsider.

*Did the District Court Err in Summarily Denying Cash's K.S.A. 60-1507 Motion*?

Cash argues the district court erred in summarily denying his K.S.A. 60-1507 motion because he successfully established that the district court must hold an evidentiary hearing to prevent a manifest injustice.

When, as here, the district court summarily dismissed a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is entitled to no relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

*General law*

A defendant may not appeal from a judgment of conviction after pleading no contest, except to raise jurisdictional or other grounds going to the legality of the proceedings as provided in K.S.A. 2020 Supp. 60-1507. Because Cash pleaded no contest to the reduced charge of attempted aggravated battery and chose not to file a direct appeal, his K.S.A. 60-1507 motion is limited to raising jurisdiction or the "legality of the proceedings." K.S.A. 2020 Supp. 22-3602(a); *State v. Smith*, 311 Kan. 109, 118, 456 P.3d 1004 (2020).

The purpose of a K.S.A. 60-1507 motion is to collaterally attack an inmate's underlying sentence and confinement. The statute provides the inmate a collateral vehicle to challenge his or her sentence if the district court imposed it (1) in violation of the United States Constitution, the Kansas Constitution, federal laws, or state laws; (2) without jurisdiction; or (3) in excess of the maximum authorized by law. The statute also provides an inmate may challenge the sentence if it is "otherwise subject to collateral attack." K.S.A. 2020 Supp. 60-1507(a). The statute allows the inmate to ask the district court to vacate, set aside, or correct the inmate's sentence. K.S.A. 2020 Supp. 60-1507(a).

Unless the motion, files, and records conclusively show the inmate is entitled to no relief, the district court must hold a hearing on the motion. K.S.A. 2020 Supp. 60-1507(b). To avoid a summary dismissal, the inmate bears the burden of showing the district court by a preponderance of the evidence that he or she is entitled to an evidentiary hearing. *Holt v. State*, 290 Kan. 491, Syl. ¶ 3, 232 P.3d 848 (2010). "To carry

this burden, he or she must do more than make conclusory statements; the motion must cite to supporting evidence in the record or identify individuals who would provide that evidence." *Love v. State*, No. 123,298, 2021 WL 3234387, at *2 (Kan. App. 2021) (unpublished opinion). And although the district court must generally accept the motion's factual allegations as true, the factual allegations must be specific and may not be mere conclusions. *Skaggs v. State*, 59 Kan. App. 2d 121, 130-31, 479 P.3d 499 (2020), *rev. denied* 313 Kan. 1042 (2021).

*Application*

We first review the district court's finding that Cash's motion was untimely. An inmate must file a K.S.A. 60-1507 motion within one year of either (1) "[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction"; or (2) "the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition." K.S.A. 2020 Supp. 60-1507(f)(1)(A)-(B). The court may extend the time limit only to prevent a manifest injustice. K.S.A. 2020 Supp. 60-1507(f)(2).

Cash did not appeal his 2016 attempted aggravated battery conviction. The district court sentenced Cash in April 2018 after he pleaded no contest to that charge. As a result, the one-year time limitation for Cash to file a K.S.A. 60-1507 motion began running 14 days after he was sentenced and expired in April or May of 2019. See K.S.A. 2020 Supp. 60-1507(f)(1)(A)-(B); K.S.A. 2020 Supp. 22-3608(c) (providing 14 days to perfect appeal after district court's judgment); *Baker v. State*, 297 Kan. 486, Syl., 303 P.3d 675 (2013) ("[T]he 1-year time limitation for bringing an action under K.S.A. 60-1507 begins to run after the period for taking a direct appeal from the [resentencing] expires.").Thus Cash's K.S.A. 60-1507 motion, filed September 2020, was untimely.

Cash thus had the burden to show manifest injustice. See *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013) (if an inmate files outside the one-year time limit and fails to affirmatively assert manifest injustice, the inmate is procedurally barred from pursuing the motion). In the context of a habeas corpus proceeding, "'manifest injustice'" means obviously unfair or shocking to the conscience. *Thuko v. State*, 310 Kan. 74, 81, 444 P.3d 927 (2019). In considering manifest injustice, the court's inquiry is limited to determining whether the inmate has made a compelling explanation as to why he or she failed to file the motion within the one-year time limitation or whether the inmate makes a colorable claim of actual innocence. *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018). Cash asserts both of these reasons on appeal.

To show actual innocence, the inmate must show it is more likely than not that no reasonable juror would have convicted the inmate in light of new evidence. K.S.A. 2020 Supp. 60-1507(f)(2)(A). Cash's brief on appeal claims he argues "actual innocence" on pages six and seven. But our review shows no such argument anywhere in his brief. This issue is inadequately briefed, and we consider it waived and abandoned. *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019). Nor did Cash make a colorable claim of innocence in his K.S.A. 60-1507 motion to the district court or on appeal. An issue not raised in the district court may not be raised on appeal, absent an exception. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014).

As a result, our review is limited to determining whether Cash has compellingly explained why he failed to file his motion within the one-year time limit. See K.S.A. 2020 Supp. 60-1507(f)(2)(A). Although Cash's motion does not explain why he missed the one-year time limit, his 60-1507 form states that he had not previously raised these three issues for review because he was ignorant of the law and could not challenge what he did not know. Having reviewed the motion, as well as the record, we find no other stated reason for delay.

Still, Cash's motion failed to persuasively argue why the district court should have extended the one-year time period to prevent a manifest injustice. Cash's motion merely stated: "Movant sees a manifest injustice if [Cash's motion is] denied, which he sees because movant knew not of the law, and how it applied to him, previously thereto." Cash's nod to "manifest injustice" in his motion is this conclusory statement without explanation and is therefore insufficient to establish manifest injustice. See *Love*, 2021 WL 3234387, at *2 ("he or she must do more than make conclusory statements").

And the Kansas Supreme Court has repeatedly held that ignorance of the timeline under K.S.A. 2020 Supp. 60-1507 does not constitute manifest injustice. See *Tolen v. State*, 285 Kan. 672, 676, 176 P.3d 170 (2008) ("The legislature's adoption of a 1-year time limit for filing motions under K.S.A. 60-1507 put all persons, including inmates . . . , on constructive notice of the new provision."); *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007). Thus, the fact that Cash became aware, or chose to act, after the one-year time limitation in K.S.A. 2020 Supp. 60-1507(f)(1) is not alone sufficient to warrant a manifest injustice finding.

Cash gives us no more. He fails to allege facts or legal errors that are obviously unfair or shocking to the conscience. See *Thuko*, 310 Kan. at 81. Although he alleged three issues, none of them explain why Cash failed to file within the statutory timeline or show that failure to revisit the issues would establish an injustice. Cash offered no substantive explanation why he did not file within the statutory time limit.

Cash tries to fill the factual and legal void by arguing that "[a]ny resulting deficiencies" could be easily cured by reviewing the record in his underlying criminal case. But the underlying criminal case cannot explain why Cash's motion is untimely—which is the procedural hurdle Cash must overcome to get review under K.S.A. 2020 Supp. 60-1507(f)(1)-(3).

Review of the motion, files, and records of this case suggests no other reason for the district court, or this court on appeal, to find that manifest injustice would result from dismissing Cash's untimely motion. The district court properly dismissed the motion as untimely. See K.S.A. 2020 Supp. 60-1507(f)(3) (If the court reviews all the motions, files, and records, and determines that the inmate's motion exceeded the one-year time limit and that dismissal "would not equate with manifest injustice, the district court must dismiss the motion as untimely filed.").

Affirmed.